## M. F. ELLIS ET AL. v. JOHN A. KERR ET AL.

### No. 675.

**1. Set-off—Fact Case.**

D. & Co. assumed payment of certain notes due by E., and before the maturity thereof assigned to L. a one-half interest in a demand which they held against E. After the demand had been reduced to judgment against E., they transferred to L. the remaining half thereof, the notes due by E. having been already matured and having been largely paid off by E. Held, that E.'s claim thereupon against D. & Co. could not be set-off against the half-interest in the demand first transferred to L., but could be set-off against the other half of the judgment thereon.

**2. Set-off Against Assignee of Judgment.**

The assignee of a judgment takes it subject to the equitable right of the judgment debtor to set-off against it a claim arising out of the same transaction, but which the debtor could not plead in the action resulting in the judgment because it had not then matured.

APPEAL from La Salle. Tried below before Hon. M. F. LOWE.

*James Raley,* for appellants.—It was error to dissolve the injunction and render judgment against plaintiff when the evidence showed that

plaintiff had paid the $3700 note that Dargan & Kerr had agreed to pay as a part of the purchase price of the flock of 5,000 head of sheep, and that plaintiff was entitled in equity to have this note offset against the judgment of $1610.54 and to have it enjoined. Ellis v. Kerr, 23 S. W. Rep., 1050; Dargan v. Ellis, 81 Texas, 197; 24 Ency. Law, 718-9; 3 Ib., 896; Sheldon on Subrogation, secs. 128, 46, 24-85; 1 Jones, Mortg., secs. 741, 756, 769, 768; 15 Texas, 196; 63 Texas, 240; 47 Texas, 8; 80 Texas, 80; 72 Texas, 370.

*E. R. Lane,* for appellees.—1. L. O. Dargan & Co., having sold and transferred a one-half interest in their claim against M. F. Ellis involved in suit No. 149 to E. R. Lane in September, 1887, and the Eberling note not being due nor payable until July 1, 1889, E. R. Lane took one-half of said claim by virtue of said sale and transfer, free of any equity in the said Ellis to plead in set-off the amount of the Eberling note or any part thereof. 22 Am. and E. Encycl. of Law, 419; Chance v. Isacs, 5 Paige, N. Y., 592; Meyers v. Dons, 22 N. Y., 493; Bradley v. Angel, 3 N. Y., 475; Martin v. Kunzmuller, 37 N. Y., 400.

2. The assignee of a chose in action takes it subject to all set-offs which might have been used against it in the hands of the assignor, but the set-off must be due and payable at the time of the assignment. Waterman on Set-off, 2 ed., sec. 107; Kull v. Thompson, 38 Mich., 635; Fuller v. Sheigtilz, 27 Ohio St., 355.

NEILL, ASSOCIATE JUSTICE.—This is the second appeal in this case, the first being from a judgment in favor of the appellees rendered on demurrer dissolving an injunction. Ellis v. Kerr, 23 S. W. Rep., 23. The statement of the grounds upon which the injunction was asked are fully set out in our opinion on the former appeal, and need not be repeated. After the judgment was reversed, the appellee, E. R. Lane, amended his answer, in which he alleged the insolvency of M. F. Ellis, occurring since the injunction was issued; and, upon appropriate pleadings, asked judgment against him and his sureties on his injunction bond. The case was tried by the court without a jury, and judgment rendered dissolving the injunction in favor of the appellee Lane against M. F. Ellis and the sureties on his injunction bond for the sum of $2078, from which judgment this appeal is prosecuted.

*Conclusions of fact.*—1. In 1885 E. Ebeling sold to M. F. Ellis eleven hundred and sixty-six head of sheep, and for the purchase price took the vendee's promissory note for $3700, payable on July 1, 1889, an express lien on the property sold being stipulated in the note to secure its payment.

2. In March, 1886, M. F. Ellis sold a flock of five thousand sheep to L. O. Dargan & Co., a firm composed of L. O. Dargan and John A. Kerr, in which flock were included the eleven hundred and sixty-six

head purchased by Ellis from Ebeling, Dargan & Co., as a part of the consideration agreeing to assume the payment and discharge of said $3700.00 note with its express lien on the sheep.

3. In August, 1886, L. O. Dargan & Co. sold the Ebeling flock of sheep, consisting of eleven hundred and sixty-six head, to Sidney Ellis; Dargan & Co. agreeing at the time to pay off and discharge the note and lien given by M. F. Ellis to Ebeling, which sheep were at the time worth four dollars per head.

4. In September, 1887, L. O. Dargan & Co. had a claim for a short-age on the five thousand sheep sold to them by appellant, against M. F. Ellis for the value of six hundred head of sheep on which suit was then pending, of which claim he then assigned one-half to E. R. Lane, an attorney at law, in consideration of his services to be performed in prosecuting said suit to final judgment. Such services were performed by the assignee, and through them Dargan & Co., on the 26th day of May, 1891, recovered judgment in the Supreme Court on said claim against M. F. Ellis for the sum of $1610.54, together with all costs of suit, which judgment was certified to the District Court of La Salle County for observance, and is the one sought in this action to be en-joined. After the judgment was rendered, Jno. A. Kerr, the surviving partner of L. O. Dargan & Co., assigned the other half of the judg-ment to Lane in satisfaction of an indebtedness of $600 which said firm justly owed him.

5. L. O. Dargan & Co. never paid any part of the note of $3700 made to Ebeling by M. F. Ellis, of which they assumed payment upon the purchase of the sheep. On the 8th day of July, 1889, M. F. Ellis paid Ebeling $1000 on the note; on the 18th day of June, 1890, he paid him $500, and executed to him his promissory note, payable in one year from then, for $920—Ebeling at the time delivering Ellis the $3700 note, indorsing thereon "Paid in full", under date of July 3, 1889. On January 27, 1891, Ellis paid Ebeling $543 on the original note of $3700 which he had endorsed paid in full, and surrendered to Ellis on June 18, 1890. Ellis never paid the $920 note nor any part of it.

6. In September, 1890, M. F. Ellis released the flock known as the Ebeling sheep from the lien expressed in the note given by him for a part of the purchase money, in consideration of the payment of $1500 to him by Sidney Ellis. The reasonable increase of the sheep per an-num was 50 per cent from A. D. 1886 to 1890, inclusive.

7. That, on the 1st day of July, 1889, L. O. Dargan died insolvent and intestate. His surviving partner, Jno. A. Kerr, was also insolvent at that time, and has remained so ever since.

8. In September, 1891, E. R. Lane sued out an execution on the judgment of the Supreme Court in favor of L. O. Dargan & Co. against M. F. Ellis for $1610.54, and interest, with costs of suit, which amounted to $85.65, which execution was directed to the sheriff of Bexar County, Texas. When the execution was issued, M. F. Ellis was solvent, and the execution could have been satisfied out of property he then owned

in Bexar County. On the 23d of September, 1891, M. F. Ellis sued out a writ of injunction, restraining the collection of said judgment and execution, and executed and filed with the papers in this cause his injunction bond in the sum of $3500, payable and conditioned as required by law, with J. S. Thornton and W. B. Wright as sureties. When this case was tried M. F. Ellis was insolvent.

*Conclusions of law.*—One-half interest in the claim upon which the judgment sought to be enjoined having been assigned in good faith for a valuable consideration to the appellee by L. O. Dargan & Co. before the note (the payment of which they had assumed) to Ebeling fell due, so much of the judgment in which the portion of the claim assigned merged was not subject to be offset by the demand of the appellant against L. O. Dargan & Co. 22 Am. and Eng. Ency. of Law,. 419, and authorities cited in note 1, p. 420. Therefore the injunction as to half of the judgment should have been dissolved.

The remaining half of the judgment, which was transferred after it was rendered, Dargan's estate and Jno. A. Kerr being then insolvent, Lane took subject to all the equities existing between the parties to it. Ellis v. Kerr, 23 S. W. Rep., 1051. And as the note to Ebeling was assumed by Dargan & Company, the relation of M. F. Ellis as to them was that of a surety, and while the sale of the sheep to Sidney Ellis did not, as to E. Ebeling or M. F. Ellis, discharge the lien, yet as Dargan & Co. sold the sheep to Sidney Ellis, agreeing at the time to pay and discharge the note and lien, no lien could exist in their favor against Sidney Ellis or any one else. They were in no way injured or affected by the release of the lien by M. F. to Sidney Ellis. Their obligation to pay the note remained the same, and was due to M. F. Ellis and Sidney Ellis—to the former, because they had expressly assumed the payment of the note, and to the latter, because of his agreement with him to discharge the note and lien. If Sidney Ellis had been compelled, in order to discharge the lien, to pay M. F. Ellis the entire sum due on the note, he would have only discharged an obligation that rested on Dargan & Co., and would have been entitled to recover from them every cent paid by him in its discharge. Upon the payment by M. F. Ellis of the Ebeling note which was assumed by Dargan & Co., they became his debtors in the sum of money paid by them, and they could look to him personally for its payment, and were not compelled to first go upon property that they had sold to another with the express agreement that they would save their vendor harmless from the lien upon it. Therefore, as we held when this case was before us on the first appeal (23 S. W. Rep., 1050), as M. F. Ellis' demand against Dargan & Co. did not mature in time to be plead in offset of the demand upon which the judgment was rendered in the Supreme Court, it would be inequitable to allow his insolvent debtors to enforce payment of the judgment. And its enforce-

ment by one standing in their shoes, as does the appellee Lane as to half of it, would be likewise inequitable.

The judgment of the District Court is reversed, and judgment is here rendered in appellant's favor, perpetuating the injunction as to half of the judgment described in our fourth conclusion of fact, and dissolving said injunction as to half of said judgment, and awarding judgment in favor of appellee Lane against M. F. Ellis and the sureties on his injunction bond for one-half of the amount of the judgment, interest and costs rendered against them in the District Court. The satisfaction of the judgment here rendered shall operate as a full discharge of the original judgment sought to be enjoined.

*Reversed and rendered.*