## J. A. McCormick et al. v. Elizabeth D. Kampmann.

### No. 1890. Decided December 23, 1908.

**1.—Assignment—Innocent Purchaser—Failure of Consideration.**

All written instruments are, by article 314, Revised Statutes, protected, in the hands of an innocent purchaser for value and before maturity, against

the defense of failure of consideration, whether negotiable or not, for example, a note payable in "current funds." (Pp. 217, 218.)

**2.—Same—Purchase Before Maturity—Evidence—Interested Witness.**

Conflicting evidence held to support a conclusion that notes were purchased before maturity, the jury not being bound to accept the evidence to the contrary of the defendants testifying, without objection, to a conversation with the deceased purchaser, in an action by his executrix. (P. 218.)

**3.—Written Contract—Oral Agreement.**

On a written contract, complete in itself, for the sale of an undertaker's business, evidence of a parol agreement that the seller was to keep the hearses and furnish horses and hacks for funeral occasions as the purchaser might demand was not admissible to vary the contract and show failure of consideration for the notes given on such sale by non-compliance with such oral agreement. (Pp. 218, 219.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

The suit was brought by H. D. Kampmann, his executrix, Elizabeth D. Kampmann, subsequently becoming a party, against McCormick and others. A recovery by plaintiff was affirmed on appeal by defendants, who thereupon obtained writ of error.

*Webb & Goeth,* for plaintiffs in error.—Whenever it appears that a suit is based upon a series of promissory notes growing out of the same transaction and that one or more of such notes was past due at the time of their transfer, the endorsee or transferee is not an innocent purchaser of the notes. Kampmann v. McCormick, 18 Texas Ct. Rep., 588; Ferguson v. Wiede, 46 S. W., 392; Harrington v. Claflin, 91 Texas, 294; Lybrand v. Fuller, 30 Texas Civ. App., 116; Seay v. Fennell, 15 Texas Civ. App., 261.

The undisputed evidence in this case shows that H. D. Kampmann prior to the purchase of the said notes had actual notice of the fact that the consideration for said notes was livery service to be furnished by Carter & Mullaly to the defendant, J. A. McCormick. Kampmann v. McCormick, 24 Texas Civ. App., 462.

The term "current funds," when used in a promissory note, has the effect to destroy its negotiability, and failure of consideration is a good defense against a note containing such words in the hands of any and all persons. Texas Land & Cattle Co. v. Carroll, 63 Texas, 48; Williams v. Arnis, 30 Texas, 48.

*Kellar & Kellar* and *Denman, Franklin & McGown,* for defendant in error.—The defense of failure of consideration was available, if true, against the notes if purchased by Kampmann after the maturity of any one of the notes so bought (Rev. Stats., art. 314; Kampmann v. McCormick, 24 Texas Civ. App., 462), even though he was a purchaser in good faith for value and without notice of the defense, but the presumption of law was that he acquired the notes prior to their maturity (Blum v. Loggins, 53 Texas, 121), and this presumption had to be overcome by evidence making an issue of fact to be determined by the jury under a proper charge. If it be true that the words "current funds" rendered the notes non-negotiable, still the

failure of consideration therefor, if any, was not available under Revised Statutes, art. 314, unless Kampmann bought them after maturity or with knowledge of such defense, both of which elements are excluded in the requested charge.   Wright v. Hardie, 88 Texas, 653; Prouty v. Musquiz, 94 Texas, 87; Kampmann v. McCormick, 24 Texas Civ. App., 462.

A parol contemporaneous agreement not embodied in the written agreement between Carter & Mullaly and J. A. McCormick evidencing their sale of the undertaking business to McCormick, as shown by the notes and bill of sale conveying said property, adding to said written agreement obligations on the part of Carter & Mullaly and contractual rights in favor of J. A. McCormick not included in or evidenced by said written agreement can not be shown for the purpose of varying, changing or enlarging said written agreement.    6 Am. & Eng. Enc. Law, 767, 775; Purinton v. Northern I. Ry. Co., 46 Ill., 297; Jackson v. Chicago, St. P. & K. C. Ry. Co., 54 Mo. App., 636; Brintnall v. Briggs, 87 Iowa, 538; Coverdill v. Seymour, 94 Texas, 8; Belcher v. Mulhall, 57 Texas, 17; Wooters v. International & G. N. Ry. Co., 54 Texas, 299; East Line & R. R. Ry. Co. v. Garrett, 52 Texas, 133; Bedwell v. Thompson, 25 Texas, 246; Adams v. Hicks, 41 Texas, 243; Weaver v. Gainesville, 1 Texas, Civ. App., 286.

The incompetency of parol evidence to vary the terms of a written contract is a question of law and may be pleaded as a defense even though the evidence is not objected to on the trial.   Objection was made by Mrs. Kampmann, but as she got the verdict no exceptions appear in the record.   As her defense against the alleged parol contract is good, it would be useless to require her to come up by bill of exception if the case should now be reversed.   Texas & P. C. Co. v. Lawson, 89 Texas, 395; Pitcairn v. Philip, 125 Fed., 110; 7 Cyc., 567; 21 A. & E. Enc. Law, 1079.

Mr. Chief Justice Gaines delivered the opinion of the court.

This was a suit by H. D. Kampmann upon eight promissory notes each for $100 payable to Carter & Mullaly, or order, and by them assigned to H. D. Kampmann, and to enforce a lien upon certain personal property which is of the value of more than one thousand dollars.   By a supplemental petition Elizabeth D. Kampmann was made party plaintiff, presumably as executrix of the will of H. D. Kampmann, deceased.   At all events, the defendants admitted Mrs. Kampmann's right to recover provided it was not defeated by defenses set up in the answer.   The defense was that the notes were given for certain services to be performed for the maker by Carter & Mullaly, which services were not performed, and, therefore, there was a partial failure of consideration.   The issue is sharply presented whether as against Kampmann's executrix the defense was available. She claimed that her testator was a *bona fide* purchaser, without notice of any infirmity in the notes, and therefore the defense could not be set up against her.

The defendants asked the court to charge the jury that H. D. Kampmann was not an innocent holder of the notes sued upon, which

charge was refused. We think there was no error in this ruling of the court. It is insisted on behalf of the plaintiffs in error that Kampmann was not an innocent holder for the reason that the notes were payable "in current funds;" that he acquired the first note which fell due after maturity and that he had actual notice of the defense to the notes. In regard to the first proposition, that the notes being payable in current funds rendered them liable to the defense, it is sufficient to say, we think, that this question is settled by article 314 of the Revised Statutes, which reads as follows:

"The defendant in any action that may be instituted upon any written instrument may plead a want, or failure, or partial failure of consideration, where such written instrument shall remain in the possession of the original payee or obligee; or when it shall have been transferred or assigned after the maturity thereof, or when the defendant may prove a knowledge of such want or failure of consideration on the part of the holder prior to such transfer."

We think this language is too plain to admit of discussion. It is evident that when the revisors compiled the statutes of 1879, which were afterwards adopted by the Legislature, their purpose was to put negotiable and non-negotiable paper upon the same footing in respect to defenses to them and protect the bona fide holder without notice of such paper against the defense of failure of consideration whether the paper was negotiable or not. We have been unable to find any decision of our court directly in point. In Texas Land & Cattle Co. v. Carroll, 63 Texas, 48, it is held that a bill of exchange payable in current funds is not negotiable paper in the full sense of those terms, but it is not held that a defense of a failure of consideration can be set up against it in the hands of an innocent holder who before maturity has paid value therefor.

But we are of opinion that if the first note was due at the time the assignment was made to Kampmann it would let in the defense, but the question of whether it was due or not at that time is one of more difficulty. There was certainly strong evidence to show that it was. But it seems to us there is nothing in the testimony showing it absolutely. No witness testified as to the exact date when the assignment was made, and the circumstances would tend to show that it was before the maturity of either of the notes. It is hardly conceivable that a business man would have purchased the notes and paid the face value of the same knowing that one of them was due or that any defense existed against them. Also, we think this is an answer to the testimony of McCormick and his son as to actual notice to Kampmann of the defense to the notes. Kampmann was dead and could not testify in the case and it would seem that their testimony might have been excluded on the ground that it was a conversation with a deceased person; but no objection was made to it on that ground. Kampmann being dead and the defendant and his son being interested in the suit, we agree with the Court of Civil Appeals that the jury were not bound to believe them. But we can not know from the verdict upon what ground the jury based their conclusion. The question of failure of consideration of the notes was vigorously contested and the evidence was directly conflicting. The plaintiff

showed a written contract between McCormick and Carter &. Mullaly for the sale of the latter's undertaking business, which specified distinctly that the notes were to be given for the sale of that business and for certain personal property, including hearses, etc., upon which a lien was retained for the payment thereof, and there was testimony tending to show that there was no other consideration whatever. But the defendant claimed and testified that in addition to the written contract, which is complete in itself, there was an oral agreement at the time of the transaction that Carter & Mullaly were to perform certain services for McCormick in the way of keeping the hearses, etc., that were sold and of furnishing horses, hacks, for funeral occasions as the defendant might demand, and that this was not done. It now seems to us that the terms of the contract having been set out in writing and signed by both parties, the testimony tended to show a change in the writing and to add thereto other stipulations on the part of Carter & Mullaly, and was therefore not admissible. But upon this subject Mullaly, who signed the contract in person, testified that there was no such oral agreement and gave his reason for the positiveness of that assertion that when he sold to McCormick his undertaking part of his business, he had already sold his livery stable to Fry & Brothers, which left Carter & Mullaly without equipment or means to carry out the contract on their part. We see from the evidence that on the same day that the contract was made between Carter & Mullaly on the one hand and McCormick on the other, McCormick entered into an agreement with Fry & Brothers in writing to do exactly the thing which they claimed that Carter & Mullaly verbally agreed to do. Therefore, it seems to us that the jury perhaps found that there was no failure of consideration in the notes, but this we are unable to determine from the verdict, because it was general and discloses nothing as to what view the jury took of the evidence. Therefore, we can not say that they may not have found that Kampmann was not an innocent purchaser of the notes, and we therefore would have to reverse the judgment for the reason that the court failed to give the instruction of which complaint is made, provided the evidence called for such instruction.

The second assignment is disposed of by what we have already said above. We find no error in the judgments of the trial court and Court of Civil Appeals and therefore affirm the judgment.

*Affirmed.*