## PULLMAN CO. v. SCHOBER.

(Court of Civil Appeals of Texas. San Antonio. May 22, 1912. On Motion for Rehearing, June 26, 1912.)

1. CARRIERS (§ 417*)—SLEEPING CAR COMPANIES — NEGLIGENCE — LOSS OF PASSENGER'S EFFECTS.

In an action for loss of a passenger's effects stolen from a sleeping car window, evidence *held* sufficient to sustain a verdict for plaintiff on the ground that defendant was negligent in permitting the berth window to be open between the window and the screen.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1590–1600; Dec. Dig. § 417.*]

2. CARRIERS (§ 417*)—SLEEPING CAR COMPANIES—PASSENGER'S EFFECTS—LARCENY—EVIDENCE.

In an action against a sleeping car company for loss of a passenger's effects stolen from a sleeping car window alleged to have been negligently left open at a station, evidence that defendant's servants had knowledge that stealing from the cars had been going on in that neighborhood was relevant to the issue of the degree of care required of such servants to protect the property of the passengers, though not alleged.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1590–1600; Dec. Dig. § 417.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

**3. NEGLIGENCE (§ 119*)—INSTRUCTIONS.**

In an action for negligence it is not error to fail to expressly limit the negligence to that alleged in the petition.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 200–216; Dec. Dig. § 119.*]

**4. CARRIERS (§ 417*)—SLEEPING CAR COMPANIES — PASSENGER'S EFFECTS — LARCENY — CONTRIBUTORY NEGLIGENCE.**

In an action for larceny of the effects of a sleeping car passenger stolen from an open car window as the train was stopping at a station, evidence *held* to entitle defendant to an instruction submitting the issue of plaintiff's contributory negligence, based on his knowledge that the window of his berth was open with a space between the sash and the screen.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1590–1600; Dec. Dig. § 417.*]

**5. CARRIERS (§ 417*)—SLEEPING CAR COMPANIES—PASSENGER'S EFFECTS—LOSS—NEGLIGENCE.**

Where plaintiff's effects were stolen out of a sleeping car berth through an open window, an instruction that if a man stood on the rods outside the car and reached through the open window into the berth and snatched plaintiff's effects, and defendant at the time had an employé on watch inside the car and under the circumstances that was reasonable care on defendant's part, the verdict should be for defendant was properly refused.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1590–1600; Dec. Dig. § 417.*]

**6. CARRIERS (§ 417*)—SLEEPING CAR COMPANIES — THEFTS — PREVENTION — REASONABLE CARE.**

In an action for loss of a sleeping car passenger's effects by larceny from the car window, a charge that defendant was not only bound to furnish plaintiff a berth for his accommodation, but to keep watch and take reasonable care that he suffered no loss, and if plaintiff's loss was occasioned by want of such care, and his own negligence did not contribute to it, he was entitled to recover, was improper as imposing an absolute duty on the sleeping car company to maintain a watch against theft from the outside; whether such watch was essential to the exercise of ordinary care being for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1590–1600; Dec. Dig. § 417.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action by G. C. Schober against the Pullman Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. D. Guinn and A. G. McNeill, both of San Antonio, and H. I. Myers, of Palestine, for appellant. Terrell & Terrell, of San Antonio, for appellee.

JAMES, C. J. G. C. Schober sued, alleging that he was a passenger on one of defendant's cars from San Antonio to Ft. Worth; that when the train was near the station of Milano Junction, and while plaintiff was asleep in his berth, during the night, his trousers, money, watch and chain, and a locket were taken therefrom; that defendant was negligent in failing to afford his property proper protection while he was asleep, also negligent in that the porter of the car had negligently, and in violation of defendant's rules, and without any request from plaintiff, left the berth window open so that there was an open space between the window and the screen; that robberies had been of frequent occurrence at that place, as was well known to the agents and servants of defendant, but, notwithstanding, they neglected to keep a proper watch and neglected to guard plaintiff's property, and neglected to warn plaintiff of the extra dangers of robbery at this place, thereby preventing him from taking extra precautions for protecting same. Defendant pleaded general denial and contributory negligence and specially answered in effect that, if the property was stolen from plaintiff's berth, it occurred at a very early hour in the morning at a point where such an occurrence could not have been reasonably expected; that defendant had an employé in said car on watch and was using reasonable care and diligence for the protection of the property of persons riding on said car. The verdict was for plaintiff.

[1] Inasmuch as we have reached the conclusion that the judgment should be reversed for error in respect to the charges, it would not be proper for us to discuss the testimony, as is called for by the first and second assignments. After a careful consideration of the testimony, we will merely state that in our opinion the testimony was sufficient to sustain a verdict for the plaintiff upon the grounds of negligence alleged in the petition.

[2] We overrule the third assignment. Knowledge on the part of defendant's servants that stealing from the cars had been going on in that neighborhood was material and relevant upon the degree of care that was reasonable on their part to protect the property of passengers. It was not a fact necessary to be alleged in order to be proved.

[3] We overrule the fourth assignment. The charge was correct as a general submission of the issue of defendant's negligence. It is not error to fail to expressly limit the negligence to that alleged in the petition. As stated in Railway v. Motwiller, 101 Tex. 521, 109 S. W. 922: "The charge given referred neither to the pleadings nor the evidence. It contained no intimation to the jury that they were to look to matters in evidence which had not been pleaded. The jury were in no way told that they could find for injuries not pleaded, or for injuries not proved. The failure to expressly confine their attention to matters both pleaded and proved was therefore a mere omission, which should have been cured, if the defendant desired, by a requested instruction."

[4] The sixth assignment complains of the refusal of an instruction on the subject of plaintiff's contributory negligence, which was based upon the fact of plaintiff's knowledge that the window of his berth was open with a space between the sash and screen.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep't Indexes

The ninth assignment relates to another requested charge on contributory negligence, based on plaintiff's knowledge of the window being open as aforesaid.

Defendant was entitled to have the issue submitted on charges that embodied a reference to the facts or theory upon which it was based. Railway v. McGlamory, 89 Tex. 635, 35 S. W. 1058. The court submitted the issue only in a general manner.

Appellee justifies the refusal of such charges, upon the only ground which we conceive to be possible for refusing them, which is that the fact that plaintiff knew the window of his berth was open was not supported by any evidence. Appellee states: "Nowhere in the testimony is there any evidence whatever going to show that appellee knew that the window of his berth was open. On the other hand, appellee testified on the point as follows: 'At the head end of my berth the window was closed, at the foot end I don't remember whether the window was open or not; I don't know. * * * I did not look at the window before I went to sleep. I never thought of it before at all, I never bothered with it. I did not see it. There was no light.'"

The fact whether or not plaintiff was aware of the window being open was, under the circumstances, one peculiarly within his knowledge. Upon that subject nobody could be expected to be brought to contradict him. He was an interested party. Under such circumstances it has frequently been held that the jury is not bound to accept his statement. McCormick v. Kampmann, 109 S. W. 492; s. c., 102 Tex. 215, 115 S. W. 24. They may disbelieve him and find directly the reverse, where the surrounding circumstances lend any probability to a contrary finding.

The conductor and porter testified that soon after leaving San Antonio, which was about 9 o'clock at night, the windows were all let down upon the screens. Plaintiff testified he went to bed about 11. The robbery occurred about 2 or 3 o'clock in the morning. Plaintiff testified he did not sleep much and felt the trousers being snatched from the berth as the train was moving, and that the window was open between the screen and window several inches. Appellee emphasizes the fact that it was a warm, uncomfortable night in June. The witness Sauer testified that, when he retired in the opposite berth, he called the porter to put up the window on account of the heat, and that the porter told him it was against the rules, and that there was some robbery going on all along, and that he (Sauer) said he would take the risk. The porter testified he did not put this window up as requested, and that Sauer put it up himself. It appears that Sauer lost his pants the same way.

The jury had the right to believe the porter and conductor as to the windows being closed down on the screens after leaving San Antonio. They had the right to conclude that they remained down so far as any act of the porter or conductor was concerned. No one appears to have been about the berth but plaintiff. The fact that the porter would not put up Sauer's window on request was a circumstance tending to show he did not put up plaintiff's window without request. If therefore the window was up enabling this robbery to be committed from the outside, which fact the jury could have found, they had the right from the above evidence to form conclusions as to how it came to be up. Notwithstanding plaintiff testified that he paid no attention to the window and did not know it was up, they would have been warranted in concluding differently, for it would have been no unwarranted exercise of their judgment to have concluded that plaintiff had raised it himself. Defendant was entitled to a charge submitting plaintiff's contributory negligence in view of a finding that plaintiff was aware that the window was up.

[5] We are of opinion also that the seventh assignment of error is well taken. The refused charge would have told the jury that if they believed from the evidence that a man stood upon the rods on the outside of the car, and reached through an open window into the berth and snatched plaintiff's trousers, money, and watch, and that at said time an employé of defendant was on watch inside of said car, and that under the circumstances this was reasonable care and diligence on the part of defendant for the protection of property of those riding in said car, to return a verdict for defendant.

There was evidence that the porter was inside the car attending to his duties and had gone into the smoking compartment for a drink of water, and whether or not his conduct, on the whole, was reasonable diligence in respect to keeping a watch, under the circumstances, was a question for the jury to decide. He testified: "After I had made the berths down that night, I sat on a little stool in the center of the aisle at one end of the car. We were permitted to go back to the smoking room. I sat on the camp stool until I went back to get me a drink of water. I had been back there about five minutes, not being in a hurry, when the robbery occurred." The fact that the theft occurred from the outside, through a window, was established. Mr. Sauer and plaintiff testified to statements of the porter to them to the effect that a good deal of stealing was going on at that place and that it was dangerous to have the windows open. This constituted the testimony upon which plaintiff relied to show the necessity of precautions against thefts of that character. But the porter denied making any such statements, or having any knowledge of robberies. Under this state of evidence, defendant

was entitled to have the charge as requested.

[6] The fifth assignment complains of this charge: "You are instructed that the defendant was not only bound to furnish the plaintiff with a berth for his accommodation, but to keep watch and take reasonable care that he suffered no loss. If plaintiff's loss was occasioned by the want of such care, and his own negligence did not contribute to it, he is entitled to recover," etc. The complaint is that this charge was on the weight of the evidence, in that it required defendant to keep watch to prevent plaintiff's property from being stolen.

The rule is that only ordinary care is required of sleeping car companies to protect its passengers from losses of that kind. This standard of care applies to keeping watch as well as to other precautions. The charge is open to the criticism that it imposed the absolute duty to maintain a watch against the occurrence of this theft from the outside, when under the circumstances of this case it was a question for the jury whether or not a watch for that purpose should, in the exercise of ordinary care, have been kept.

In view of these causes, which require a reversal, it is unnecessary to pass upon the remaining assignments, relating to questions which, from their character, will not arise on another trial.

Reversed and remanded.

## On Motion for Rehearing.

In this case the undisputed fact was that the theft occurred from the outside of the car at night, through a window, while the car was in motion. Presumably the curtains to plaintiff's berth and others were down, so that a watch directed to the inside of the car could not have detected the act of the thief. The watch that would· have been necessary in this case was to watch the outside of the car, and we are unable to hold that as a matter of law it was the duty of defendant's servants to maintain a watch of that character. Circumstances might exist at certain places, or the servants might have certain information, requiring the outside of the car to be watched, in the exercise of reasonable care; but whether or not the circumstances existed here was a disputed question of fact. It would be absurd to hold that servants of a sleeping car company owe its patrons, while sleeping, the duty of watching the outside of the cars for thieves at all times and places, and yet this is the effect of a charge that was given in this case and complained of by the fifth assignment. The vice in the charge is its impropriety in the particular case. It would have told the jury that a watch such as was calculated to prevent the theft from the outside should have been maintained, when the

question, under the circumstances of this case, was one entirely for the jury.

We think the other grounds of the motion are not well taken.

Motion overruled.