## INNER SHOE TIRE CO. v. WILLIAMSON. (No. 6727.)

(Court of Civil Appeals of Texas. San Antonio. March 22, 1922. Rehearing Denied April 19, 1922.)

1. Principal and agent �köö148(2)—One signing order is charged with knowledge of recited limitation of agent's authority, though he did not read it.

One signing a written order for goods providing that no agreements or conditions, verbal or otherwise, not therein mentioned, would be recognized, was charged with knowledge that the agent who took the order could not bind his principal by any oral agreement, and cannot avoid liability by claiming he did not read the order, where not prevented from so doing; it being his duty to know what he signed before accepting it.

2. Sales ⊖⊶38(1)—Selling agent's unfulfilled promise to help sell goods purchased does not amount to fraud.

An unfulfilled promise by a selling agent to help the buyer sell goods purchased by him does not amount to fraud, being merely a promise to perform a service.

3. Evidence ⊖⊶442(6)—Evidence as to agent's representations and promises improperly admitted.

In an action for the purchase price of goods sold under an order providing that no agreements or conditions not therein mentioned would be recognized, evidence as to the selling

agent's representations and promises was improperly admitted.

Appeal from Bell County Court; J. W. Sutton, Judge.

Action by the Inner Shoe Tire Company against L. S. Williamson. From a judgment for plaintiff in part, it appeals. Reversed and rendered.

Countess & Yeager, of Belton, for appellant.

W. S. Lemly and Edmund Heinsohn, both of Temple, for appellee.

FLY, C. J. Appellant sued appellee on an itemized account for merchandise of the value of $202.83. Appellee sought to defend against the demand on the ground that the agent of appellant, when he obtained the order for the goods, promised that he would return to Temple and sell one-half the goods for appellee, and also falsely represented that the inner shoes for automobile tires were absolutely "blow-out proof." He also sought to recover damages in reconvention in the sum of $500. The court rendered judgment in favor of appellant for the inner shoes still held by appellee, which had been tendered by the latter to the former; that appellee recover nothing on his cross-action, but recover all costs of suit.

The goods, the value of which is sued for, were obtained from appellant on a written order signed by appellee, which order was obtained by J. R. Perryman, salesman for appellant. Near the bottom of the order directly below which the name of appellee was signed were the following words:

"No agreements or conditions, verbal or otherwise, other than herewith mentioned will be recognized."

[1] Accompanying the order was a certificate that appellant guaranteed that the inner shoes were "absolutely blow-out proof," and that if there was a failure to give the results appellant would, if the defective inner shoe was mailed to it, furnish a new one free. Appellee, after several letters requesting payment of the account, answered that appellant's agent had promised that he would sell one-half the goods, and if he did not comply with the promise appellee wished to return one-half the goods and pay for the balance. In reply appellant insisted on full payment, but said that if the agent had made the promise it felt assured he would perform it. Appellee admitted that he signed the order for the goods. The agent had no authority to make any promises or agreements outside of the written order, which was not binding until accepted by appellant, and appellee was charged with the knowledge by the plain terms of the written order signed by him that the agent could not bind his principal by any oral agreement. He was not prevented by any one from reading the order, and cannot evade his liability by claiming at this late date that he did not read the order. It was his duty to know what he signed, and he will be bound by the terms of the written instrument that he signed. It was so held in regard to orders in which similar language was embodied as to promises outside of the order by the agent. McCormick v. Kampmann, 102 Tex. 215, 115 S. W. 24; Bybee v. Embree Co. (Tex. Civ. App.) 135 S. W. 203. There was no ratification of the promises of the agent by the principal.

[2] The promise made by the agent to help appellee sell the goods did not amount to fraud. It was merely a promise on the part of the agent to perform a service which was not performed. That does not constitute fraud. Bigham v. Bigham, 57 Tex. 238; Railway v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Commonwealth Casualty Co. v. Barrington (Tex. Civ. App.) 180 S. W. 936; Ins. Co. v. Shield (Tex. Com. App.) 228 S. W. 196.

[3] The evidence as to the representations and promises of the agent, under the facts of this case, were improperly admitted, and, when admitted, failed to show any defense against a debt justly owed by appellee.

The judgment is reversed, and judgment here rendered that appellant recover of appellee the sum of $202.83, with interest at 6 per cent. per annum from June 29, 1918, and all costs in this behalf expended both in this and the lower court.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 17, 1922.