## FEDER–GREGG SHOE CO. v. BIG FOUR SHOE STORE CO. (No. 6924.)

(Court of Civil Appeals of Texas. Austin. Dec. 2, 1925.)

**1. Assignments ⬤⟳101—Unfilled order to purchase shoes is nonnegotiable, and purchaser takes order subject to every defense to which it would have been subject in hands of assignor before notice of assignment to maker (Vernon's Ann. Civ. St. 1925, arts. 569, 570).**

Unfilled order to purchase shoes is nonnegotiable, and purchaser of order can assert no right thereunder without allowing every discount, offset, and defense to which it would have been subject in hands of assignor or any previous owner before notice of assignment to maker, in view of Vernon's Ann. Civ. St. 1925, arts. 569, 570.

**2. Sales ⬤⟳370.**

Assignee of unfilled order for shoes, having delivered and refused shoes when tendered back, insisting on contract ordering them, *held* not entitled to set up conversion of shoes.

**3. Sales ⬤⟳188—As respects right to discount, buyer tendering payment less cash discount, which was refused, and subsequently offering return of goods, held not to have kept tender alive.**

Where buyer tendered payment, less cash discount, which was refused, but thereafter offered to return goods because not up to standard ordered, tender *held* not kept alive, and discount could not thereafter be asserted.

**4. Sales ⬤⟳187—Buyer failing to keep tender of payment alive held liable for interest on amount due from date it became due under contract.**

Where terms of shipment called for 5 per cent. discount for cash in 10 days, 30 days net, but buyer's tender was not kept alive after refusal to accept it, buyer *held* liable for interest on amount due from termination of time for net payment.

**5. Costs ⬤⟳42(1)—Buyer failing to keep tender good or tender amount due seller into court held liable for costs, though seller did not recover full amount claimed.**

In seller's action for price of shoes, where judgment was rendered in its favor minus offset, buyer, having failed to keep tender of balance due good or tender amount into court, *held* liable for costs.

Appeal from Navarro County Court; A. P. Mays, Judge.

Action by Feder-Gregg Shoe Company against the Big Four Shoe Store Company. From a judgment for plaintiff in only a part of the sum requested, it appeals. Reformed, and, as reformed, affirmed.

Callicutt & Upchurch, of Corsicana, for appellant.

Richard Mays, of Corsicana, for appellee.

BLAIR, J. The appellant, Feder-Gregg Shoe Company, a corporation, engaged in manufacturing shoes at Cincinnati, Ohio, sued appellee, the Big Four Shoe Store Company, of Corsicana, Tex., and by the first count in its petition alleged that on or about April 27, 1921, appellee made an order to Manns-Owens Company, of Cincinnati, Ohio, for 61 pairs of shoes at an agreed price of $6.50 per pair, or a total of $396.50; that the order was accepted by said company, and it agreed to manufacture and ship the shoes to appellee by express June 1, 1921; that Manns-Owens Company went into the hands

of a receiver before it filled the order; that appellant purchased from the receiver, free of all costs and offsets, all of the assets and unfilled orders belonging to Manns-Owens Company, among which was the order given by appellee; that appellant thereupon manufactured the 61 pairs of shoes and shipped them to appellee on or about June 4, 1921; that appellee received the shoes, became liable, and promised to pay the price of $396.50 for them—all of which it had failed and refused to do.

By a second count appellant sued for a conversion of the shoes, alleging that appellee denied having a contract with it, and refused to return the shoes upon request, but converted them to its own use. As to this plea of conversion, the trial court took no cognizance, but instructed a verdict based upon the first count in appellant's petition.

Appellee, in addition to a formal answer to appellant's first count, alleged that it did buy from Manns-Owens Company, on or about April 27, 1921, 61 pairs of shoes at an agreed price of $6.50 per pair, or a total of $396.50, to be delivered at Corsicana, Tex., about June 1, 1921, but that prior to this particular purchase the Manns-Owens Company had become indebted to it in the sum of $260, by reason of the return of some shoes theretofore purchased and paid for which did not come up to the standard of shoes ordered; that when the order in suit was given and as a part of the contract of purchase, it was agreed that the $260 credit to which appellee was entitled for the returned shoes would be applied in part payment of the order, so that the balance would be $136.50, less 5 per cent. discount on the amount of the order if paid within 10 days after shipment received; that about June 8, 1921, the 61 pairs of shoes were shipped and received by appellee; that on the 8th or 9th of June, 1921, it received the invoice of appellant for $396.50, which was the first notice it had of appellant's connection with the shoes, and that appellant's invoice did not give it credit for the $260, to which it was entitled under the contract of purchase, whereupon appellee deducted this amount from the invoice, and, after deducting 5 per cent. discount called for in the order, on or about June 10, 1921, sent appellant a good and valid check for the balance due on the invoice, being the sum of $116.-67; that appellant refused the check and insisted upon the amount represented by the original invoice; that appellee stood ready and willing at all times to pay the sum of $116.67, as the balance due for the shoes.

Appellee further denied any relation to appellant's purchase of the order in question, but alleged that, if appellant took the order by assignment, it did so subject to all the conditions and credits to which appellee was entitled in the hands of the Manns-Owens Company, and that it became liable to perform and carry out the contract as made between said company and appellee, and appellant could assert no rights under the contract without being subject to its burdens.

The above allegations of facts by both appellant and appellee were established without dispute; that is, it was undisputed that the order was made to Manns-Owens Company by appellee for 61 pairs of shoes, and said company accepted the order. The order was later assigned to appellant who manufactured the shoes called for and shipped them to appellee about June 4, 1921. Appellee received the shipment and offered to pay appellant its price for the shoes, after notice of its connection with the contract, in accordance with the terms of the contract allowing $260, the amount Manns-Owens Company was due appellee for returned shoes involved in other transactions, which amount was agreed by the parties to the order at the time it was made as a part of the contract of purchase. Appellant refused the payment upon the ground that it had purchased the order free of offsets from the receiver of Manns-Owens Company, and thereupon returned appellee's proffered check, explaining in the letter that it had so purchased the order free of any offset.

Upon these pleadings and the undisputed evidence in support of them the trial court instructed a verdict for the appellant against appellee in the sum of $116.67; but refused appellant's request for an instructed verdict for the full amount sued for, $396.50. The court also refused to allow interest on this amount to the date of trial, and further adjudged that each party bear the costs of suit incurred by each.

We have reached the conclusion that the trial court's judgment must be reformed and affirmed under the undisputed facts above pleaded and proved.

Tested by the simple rules, there can be no question but that the minds of the parties met upon all essential elements of a binding contract. We have a written offer to buy 61 pairs of shoes of certain makes for a stated price, and to be delivered at a certain time and place. This offer to buy was accepted in writing. By a contemporaneous oral agreement it was understood that the purchaser was to have allowed as a part of the purchase price a credit of $260, which was shown to be due it by the seller before the order was given. The seller's books, which were purchased by appellant, and to which it had access long before it purchased the assets and unfilled orders from said seller's receiver, showed appellee entitled to a book credit of $262, and that such credit existed long prior to the time the order in question was made. Without any further notice to appellee, the appellant, as assignee of appellee's unfilled order, manufactured the shoes in accordance with the terms of the order, and shipped them as provided therein, and billed appellee for the full contract price of

(284 S.W.)

the shoes, without allowing the $260 book credit due it under the terms of the contract. Appellee, after receiving the bill or invoice, and after knowing appellant's connection with the shipment, or at least after being placed in a position to ascertain its connection, received the shoes and offered to pay for them in accordance with the terms of the contract of purchase. The law construed such transactions as a contract, and by the terms of which the right of all parties to it must be determined.

[1] The only reason that appellant gave or relied upon for its refusal to accept appellee's proffered check for the balance due under the contract of purchase was that it had purchased the unfilled order from the receiver free of offset or claim. But as to this contention there is no merit, since the unfilled order so purchased was nonnegotiable, and appellant can assert no right under it without allowing every discount and defense against it to which it would have been subject in the hands of the assignor or any previous owner before notice of the assignment to the maker. This proposition of law is too well settled, both by statute and at common law, to merit further discussion. Articles 569 and 570, Vernon's Annotated Civil Statutes; Ablowich v. Greenville Nat. Bank, 22 Tex. Civ. App. 272, 54 S. W. 794; Williston on Contracts, § 432; 2 Elliott on Contracts, §§ 1454, 1456; Tyler Car & Lumber Co. v. Wettermark, 12 Tex. Civ. App. 399, 34 S. W. 807; Alfalfa Lbr. Co. v. Brady (Tex. Civ. App.) 149 S. W. 204; Ellis v. Kerr, 11 Tex. Civ. App. 349, 32 S. W. 444; National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 68 S. W. 979; Stamford Compress Co. v. Bank, 105 Tex. 44, 143 S. W. 1142, 144 S. W. 1130, Ann. Cas. 1914D, 1298; 5 Corpus Juris, p. 978, and cases under note 34; East Tex. Fire Ins. Co. v. Coffee, 61 Tex. 287; York v. McNutt, 16 Tex. 13, 67 Am. Dec. 607; Carter v. Bank (Tex. Civ. App.) 224 S. W. 265; American Ry. Express Co. v. Voelkel (Tex. Com. App.) 252 S. W. 486; Evans v. Swartz (Tex. Civ. App.) 264 S. W. 234; Sapp v. Houston Nat. Exchange Bank (Tex. Com. App.) 266 S. W. 141.

[2] It is true that appellant also asserted a cause of action in conversion, based upon the fact that appellee denied having any contract with it, and upon the fact that it offered to return the shoes because not up to the standard ordered. The contention is not sustained, because appellant refused to accept the shoes when tendered and insisted upon the contract as made with Manns-Owens Company and assigned to it. Later they did demand a return of the shoes because appellee denied any connection with the contract of assignment, but the record does not disclose that appellee ever denied the contract with Manns-Owens Company, which is the one appellant seeks to enforce by the first count in its petition.

[3] We have reached the conclusion that the judgment should be reformed so as to allow appellant to recover $136.50, being the amount of the order, $396.50 less $260 credit to which appellee was entitled upon its contract of purchase. The trial court allowed appellee to discount the order 5 per cent., upon the theory that it had tendered appellant within the time limit given by the order the balance due upon the contract of purchase. But we find that appellee did not keep the tender good, and is therefore not entitled to the 5 per cent. discount. The terms of the order in this respect read: "Terms: Less 5 per cent. 10 days; net 30 days." We base this conclusion upon the fact that, after appellant returned appellee's check for $116.67 and refused to accept it upon the theory that it had purchased the order free of any offset or claim, appellee thereafter offered to return the shoes because they were not up to the standard ordered, which we think is tantamount to a withdrawal of the tender of $116.67.

[4] We are also of the opinion that the judgment should be reformed so as to allow interest on the $136.50 from and after the 8th day of July, 1921. It will be noted from the above quotation from the order that the terms of the shipment were 5 per cent. discount if paid within 10 days, or without discount if paid in 30 days; but that the order was to have been paid in 30 days after shipment received. Since appellee had withdrawn the tender and had not kept it good during all the time and up to the trial of the case, it must pay interest on the amount due from the date it became due by the terms of the contract.

[5] We are also of the opinion that the judgment should be reformed so as to allow appellant to recover of the appellee all costs of suit, since appellee did not keep its tender good, nor did it tender the amount due appellant, $136.50, into court.

The judgment will be reformed and affirmed in accordance with this opinion.

Reformed and affirmed.