SOUTHWEST CONTRACT PURCHASE CORPORATION v. C. R. McGEE.

No. 4966. Decided March 18, 1931.
(36 S. W., 2d Series, 978.)

*Crane & Crane,* for plaintiff in error.

Article 589, Revised Statutes of Texas (article 574 of the Revision of 1925) reads as follows:

"The defendant in any suit upon a written instrument may plead want or failure, or partial failure of consideration, where such written instrument shall remain in the possession of the original payee, or obligee or when it has been transferred or assigned after the maturity thereof, or when the defendant proves a knowledge of such want or failure of consideration on the part of the holder prior to such transfer."

In McCormick v. Kampmann, 102 Texas, 215, at page 218, the Supreme Court in discussing the meaning of this article said:

"We think this language is too plain to admit of discussion. It is evident that when the revisors compiled the statutes of 1879, which were afterwards adopted by the Legislature, their purpose was to put negotiable and non-negotiable paper upon the same footing in respect to defenses to them and protect the bona fide holder without notice of such paper against the defense of failure of consideration whether the paper was negotiable or not."

It is therefore submitted that the pleading was fatally defective and the trial court should have sustained the exception unless it can be said that the defense interposed was not a plea of want or failure of consideration. The pleading does not use these words. But the facts alleged, if true, show clearly that distinguished counsel who drafted the pleading most emphatically charged that his client received nothing for his promise to pay. Call it a plea of fraud, of breach of warranty, or any other name —it resolves itself in its last analysis to a plea that appellee paid out money and agreed to pay some more money for an article which was and is valueless.

All the text writers, and they are borne out by the authorities, reach the conclusion above stated. Elliott on Contracts, vol. 1, par. 254; Williston on Contracts, vol. 2, sec. 814, p. 1652; Simkins on Contracts and Sales (3rd Ed.), p. 83.

*Lively & Dougherty* and *J. Hardy Neel,* for appellee.

If the contract in question is non-negotiable the appellant took only such rights, and no more, as the assignee held. Evans v. Schwartz, 264 S. W., 234; Carter v. Farmers Nat. Bank of Seymour, 227 S. W., 265; American Ry. Exp. Co. v. Voekel, 252 S. W., 486; Sapp v. Houston Nat. Bank, 266 S. W., 141; Fedor-Gregg Shoe Co. v. Big Four Shoe Store Co., 284 S. W., 717.

Mr. Justice PIERSON delivered the opinion of the court.

We quote the following from the opinion of the Honorable Court of Civil Appeals, 296 S. W., 912, for a partial statement of the case:

"The appellant, as assignee of Rideway and Bruton, instituted this suit against appellee to recover a balance alleged to be due on a written instrument described by appellant as an installment note executed by appellee in part payment of a refrigerating machine sold to appellee by Ridgeway & Bruton, and to foreclose a chattel mortgage on the machine given to secure the payment thereof. Appellee pleaded under oath certain offsets and counter claims based upon the allegation that the machinery would not produce a temperature of from 35 to 38 degrees Fahrenheit as it was guaranteed to do by Ridgeway & Bruton. In short. we have construed the pleading of appellee to be in effect a partial failure of consideration. The jury returned a verdict in favor of the plaintiff in the sum of $1,344.95 and likewise a verdict in favor of the defendant in the sum of $1,378.16. The judgment, after reciting such verdict, decrees in effect that, it being manifest that defendant's offsets exceed the amount found in plaintiff's favor and that defendant is not entitled to a personal judgment against plaintiff for the excess, it is, therefore, ordered, adjudged and decreed that neither party recover anything as against the other. Costs were adjudged against appellant. From this judgment an appeal has been perfected."

The judgment of the district court was affirmed by the Court of Civil Appeals.

As stated, defendant in error pleaded in defense of plaintiff in error's claim certain offsets and defenses which are in the nature of and constitutes pleas of failure of consideration, or a partial failure of consideration. Plaintiff in error resists these offsets, on the ground that under our statutes the same protection of law is given to non-negotiate instruments as to negotiable instruments, and cites the case of McCormick v. Kampmann, 102 Texas, 215, 115 S. W., 24.

The instrument sued on is fully described in the opinion of the Court of Civil Appeals, and, as held therein, is clearly not a negotiable instrument. 296 S. W., 912.

Article 568, R. S. 1925, relating to negotiable instruments, reads:

"The assignee of any negotiable instrument may maintain any suit in his own name which the original obligee or payee might have brought. He shall allow all just discounts against himself, and if he obtained the same after it became due, he shall also allow all just discounts against the assignor before notice of the assignment was given to the defendant. If he obtains such instrument before its maturity by giving for it a valuable consideration without notice of any discount or defense against it, he shall be compelled to allow only the just discounts against himself."

Article 569 provides that written instruments not negotiable by the law merchant may be assigned.

Article 570, relating to non-negotiable instruments, reads in part as follows: "The assignee of any instrument mentioned in the preceding article may sue thereon in his own name. He shall allow every discount and defense against the same which it would have been subject to in the hands of any previous owner before notice of the assignment was given to the defendant."

Article 574 reads as follows: "The defendant in any suit upon a written instrument may plead want or failure, or partial failure of consideration, where such written instrument shall remain in the possession of the original payee or obligee or when it has been transferred or assigned after the maturity thereof, or when the defendant proves a knowledge of such want or failure of consideration on the part of the· holder prior to such transfer."

It is contended by plaintiff in error that under this last article, which was article 314 of the Revised Statute of 1895, it was necessary for defendant in error, in order to make his plea of partial failure of consideration good, to allege that the instrument sued on by plaintiff was transferred or assigned to it after maturity, or that it had knowledge of such defense prior to the transfer to it. In other words, the contention is that under article 574 an assignee of a non-negotiable instrument is given the same protection of law as is given an assignee of a negotiable instrument,

as was held in McCormick v. Kampmann, 102 Texas, 215, 115 S. W., 24.

Article 574 clearly is not subject to that construction. In fact, its import is exactly the opposite. Its plain wording is in harmony with the other articles referred to above, and with the law merchant generally. Daniel on Negotiable Instruments (6th Ed.), vol. 1, sec. 1. It declares that a defense of want, or failure, or partial failure of consideration is available to the maker of a written instrument, so long as the instrument is in the hands of the original payee or obligee; or when it has been transferred or assigned after its maturity; or when the transferee or assignee had knowledge of such want or failure of consideration prior to the transfer or assignment to him. In the respects mentioned and limited by the article, it applies alike to negotiable and non-negotiable instruments, but it in no sense clothes non-negotiable instruments with the protection given negotiable instruments by article 568. Considered separately or collectively, the meaning of the articles is clear and is well understood in the business practices of the country.

The courts before and after the case of McCormick v. Kampmann, supra, have uniformly given these statutory provisions the same proper and correct construction and application as here announced. National Oil & Pipe Line Co. v. Teel, 95 Texas, 586, 68 S. W., 979; Parker v. American Exchange Bank (Texas Civ. App.), 27 S. W., 1071; Fedder-Gregg Shoe Co. v. Big Four Shoe Store Co. (Texas Civ. App.), 284 S. W., 717; Lane Co. v. Crum et al. (Texas Com. App.), 291 S. W., 1084; Threshing Machine Co. v. Howth, 116 Texas, 434, 293 S. W., 800.

In respect to the issue discussed in this opinion, the McCormick v. Kampmann case is overruled. The judgment of the Court of Civil Appeals is affirmed.