**J. P. (BUM) GIBBINS, INC., Appellant,**

**v.**

**Hugh McMILLAN, Appellee.**

No. 5663.

Court of Civil Appeals of Texas.

El Paso.

Sept. 23, 1964.

Rehearing Denied Oct. 21, 1964.

Leonard Howell, Midland, and Arturo R. Aguirre, El Paso, for appellant.

Long, Welsch & Koehler, El Paso, for appellee.

PRESLAR, Justice.

This is a suit on an account for supplies and services furnished in the deepening and working-over of an oil well known as the Chula No. 1. Bum Gibbins, Inc. sued McMillan and others as the alleged owners of the well and, from a take-nothing judgment as to McMillan, it brings this appeal. McMillan had owned the lease on which the Chula No. 1 had been previously drilled as a dry hole. He farmed it out to others (the other defendants), whose efforts to re-enter and obtain production resulted in the account sued for. Recovery was sought against McMillan on allegations that one Jay Harris, a geologist employed for the re-entry operations, was McMillan's agent, and that the services of Bum Gibbins, Inc. were ordered by such agent. Alternatively it was alleged that because of prior dealings between the parties, Bum Gibbins, Inc. was entitled to assume or presume that Harris was acting as the agent of McMillan—that he was an apparent or ostensible agent.

Trial was to the court without a jury, and error is alleged as to certain findings of fact and conclusions of law relating to agency. We affirm.

■ Appellant assigns as error numerous findings of fact of the trial court by saying, "The court erred in finding * * *" This form of assignment does not tell us whether he is saying there is no evidence to support the finding, or whether he is saying that there is insufficient evidence to support such finding, or—stated otherwise—that the finding is against the great weight and preponderance of the evidence. The rules for determining the two assignments are different. If the complaint is that there is "no evidence", the reviewing court considers only the evidence favorable to the finding and must sustain the finding if there is evidence of probative force to support it. Hartford Accident & Indemnity Co. v. Gant, Tex.Civ.App., 346 S.W. 2d 359; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696. A different rule is used in determining "insufficiency of the evidence" or "contrary to the great weight and preponderance" points. When such complaint is made we must consider and weigh all the evidence in the case and set aside the verdict and remand for a new trial if we conclude that the verdict or finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. All the evidence is considered—that which supports the verdict as well as that which is against it. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. These rules have been carefully explained by Chief Justice Calvert in his article entitled " 'No evidence' and 'Insufficient Evidence' Points of Error", Texas Law Review, Vol. 38, p. 361–372. However, by his statements and arguments under each point of error, appellant makes it possible for us to determine in which instance he is alleging "no evidence", "insufficient evidence", or both. A careful consideration of the Statement of Facts leads us to the conclusion that his contentions as to no evidence to support specified findings are without merit. There is found in the Statement of Facts some evidence of probative force to support each complained-of finding. We are also of the opinion that none of the findings of fact complained of is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust, considering all the evidence in the record before us.

■ The established facts show that Harris was not, in fact, the agent of McMillan, so that the only theory upon which agency could be based is that of apparent or ostensible agency. We do not think the proof established the necessary elements of such an agency. "Apparent agent" or "ostensible agent" has been defined as follows: "An 'apparent agent' or 'ostensible

agent' is one whom the principal, either intentionally or by want of ordinary care, induces third persons to believe to be his agent, though he has not, either expressly or by implication, conferred authority on him." Collins v. San Antonio Food Products & Produce Co., Tex.Civ.App., 188 S.W.2d 888. Thus it is based on estoppel, and it must come from representations or acts of the principal. Minneapolis-Moline Co. v. Purser, Tex.Civ.App., 361 S.W.2d 239 (err. ref., n. r. e.); 2 Tex.Jur.2d, pp. 484–485. In the case at bar the principal, McMillan, did nothing in regard to the transaction on which this suit was based. As to this transaction there was no conduct on his part which had anything to do with establishing agency. He did not know that the alleged agent, Harris, was employed on the Chula No. 1 well by its owners, nor did he know, until after the work was complete, that appellant's crews were employed on the well. Any presumed agency would have to come from prior dealings of the parties. Harris was an independent consulting geologist, not a regular employee of anyone, but available as an independent contractor for those needing his services. On at least four prior occasions during the past several years, he had been so employed by appellee McMillan on other wells at different locations, and he had, on those jobs, employed appellant's crews in McMillan's behalf. For appellee to now be estopped to deny that Harris was his agent, it would have to be said that the prior dealings were such acts by appellee as would lead appellant, acting in good faith and with reasonable prudence, to believe that Harris was his agent. The facts do not justify any such belief on appellant's part, for Harris was not a regular employee of McMillan. He was not working on or in possession of property of McMillan. He was an independent contractor who apparently worked for many people over a wide area. Appellee did nothing more than those other people—that is, avail himself of the services of this independent contractor—and we are of the opinion that his actions did not amount to want of ordinary care and did not entitle appellant to presume that Harris was his agent in this transaction.

All points of error having been considered and all overruled, the judgment of the trial court is affirmed.