**W. O. KEMPER, Appellant,**

v.

**G. W. BRANCH, Appellee.**

No. 3984.

Court of Civil Appeals of Texas.

Eastland.

Sept. 24, 1965.

Schulz & Hanna, Malcolm Schulz, Abilene, for appellant.

Yates & Yates, Edmund Yates, Abilene, for appellee.

GRISSON, Chief Justice.

G. W. Branch sued W. O. Kemper on a promissory note executed by Kemper to Branch on April 18, 1960. Kemper alleged there was no consideration for the note; that, in September, 1948, Branch as a real estate agent consummated a trade between the Poes and Kemper, that it was then orally agreed that, if Branch traded the property acquired by Kemper from Poe for $100,000.00 worth of grass land, Kemper would pay Branch a realtor's fee of $4500.-00, but that no such trade was ever made. Kemper alleged the note was one of a series of renewal and extension notes given by Kemper to Branch after Branch's dogged insistence upon written evidence of an oral agreement to pay him a realtor's fee. The events which terminated in this suit began in the spring of 1948. By an undated contract, acknowledged before a notary in May, 1948, Kemper agreed to convey his ranch to Poe in exchange for certain property in Cisco. The names of Branch as the agent for Kemper and of Partin as the agent for Poe were typed under signature lines. On June 2, 1948,

Poe, Kemper and Branch executed a written amendment to that contract. The trade was closed on June 8, 1948. There was some contradiction in the testimony of Branch and Kemper as to the time and some of the circumstances surrounding execution of the original note. Branch said Kemper gave him the original note in June, 1948, saying he couldn't pay him his commission then but would give him a note. Kemper said he executed the original note several months thereafter. Branch said the original note was for $3,000.00. This was not denied. The original note was renewed about four years later and Kemper admitted he signed that renewal note for the principal sum of $3,993.00; that it was dated June 5, 1952, and was due twelve months thereafter. The note sued on was dated April 18, 1960, nearly twelve years after this controversy began. Kemper testified that he signed the note sued upon and that the interest "and all" ran it pretty high and he and Branch had argued about it for sixteen years.

■ The trial court withdrew the case from the jury and rendered judgment for the plaintiff. The court evidently concluded from Kemper's evidence and pleadings that, as a matter of law, Kemper had waived the defense of want of consideration by execution of the renewal note sued upon. The record shows that when Kemper executed this renewal note he knew every fact relevant to his defense that he now knows. Our Supreme Court in Gaylord Container Division of Crown Zellerbach Corp. v. H. Rouw Company, 392 S.W.2d 118, said the record showed that when the defendant executed the renewal note there sued upon he knew all the facts upon which he relied to defeat plaintiff's recovery and that by executing it he waived the defense of want of consideration.

■ Kemper's proffered testimony to the effect that he was not to be held liable according to the terms of the note he executed contradicts the express terms thereof and was not admissible. Jones on Evidence, 5th Edition, Vol. 2, page 1022; Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 952; Jones v. Hubbard (Tex.Civ.App.) 302 S.W.2d 493 (Ref. N.R.E.); Canales v. Bank of California (Tex.Civ.App.) 316 S.W.2d 314 (Ref. N.R.E.).

■ Introduction of the note made a prima facie case for the plaintiff. Defendant's evidence did not raise any defense. The decision of the Supreme Court in Gaylord Container Division of Crown Zellerbach Corp. v. H. Rouw Company, supra, that one who executes a renewal note knowing there was no consideration for the original waives the defense of want of consideration is determinative of the defendant's defense.

■ The court did not abuse its discretion in refusing to permit appellant to file a trial amendment alleging alteration of the note. Appellant had not previously in any manner indicated such a defense and the amendment offered did not aver that the alleged change of maturity date had not been previously discovered. The defendant had nearly six months to prepare for trial during all of which time he knew plaintiff had alleged that the note provided for its maturity sixty days after its date. There was no claim of surprise. Under the circumstances, it is not shown that the court abused its discretion. Lone Star Steel Company v. Owens (Tex.Civ.App.) 302 S.W.2d 213, 219 (Ref. N.R.E.); Stephens v. Underwood (Tex.Civ.App.) 157 S.W.2d 936.

■ It is not shown that the court refused to admit defendant's evidence that he didn't owe the note if Branch failed to trade the property Kemper acquired from Poe. McDonald's Texas Civil Practice and Procedure Section 11.31. However, if so, such action was not erroneous because its admission would have been in violation of the parol evidence rule and such testimony had reference to a previous note in renewal of which the note sued

upon was executed by defendant with full knowledge then of the facts constituting the asserted defense. The evidence which appellant alleges was excluded was objected to by the plaintiff because (1) Kemper's statement was not responsive to the question asked and (2) it was inadmissible under the parol evidence rule. Both objections were good.

We have considered all of appellant's contentions. Reversible error is not shown. The judgment is affirmed.