**Albert VENUTO, Appellant,**

v.

**Richard A. STRAUSS, Appellee.**

**No. 4118.**

Court of Civil Appeals of Texas.

Eastland.

March 3, 1967.

Bryant, Glenn & Thomas, Jack Bryant, Abilene, for appellant.

Whitten, Harrell & Jameson, Josephine M. Jameson, Abilene, for appellee.

WALTER, Justice.

This is a summary judgment case. Richard A. Strauss recovered a judgment against Albert Venuto. Venuto has appealed.

Strauss' cause of action was based on a promissory note executed by Venuto. Venuto admitted executing the note but contended there was no consideration for its execution. He further contended in his verified answer that at the time the note was executed it was agreed that the note would be paid out of Strauss' profits from his interest in the oil and gas business operated by Venuto. He further contended the oil business failed.

The question presented is whether such evidence relating to the prior or contemporaneous agreement that the note would be payable only from profits violates the parol evidence rule. We hold that it does.

In Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960), the court said:

"On the other hand a parol condition or agreement relating to payment of a delivered instrument is not enforceable if

it operates to add to, take from or vary the terms of the written agreement."

To permit appellant to prove by parol evidence that the note was to be paid only out of appellee's profits from an oil and gas business would contradict the unconditional promise to pay a definite sum of money set forth in the note.

The judgment is affirmed.