S. B. WYATT, Appellant,

v.

NATIONAL CHEMSEARCH CORPORA-
TION, Appellee.

No. 4850.

Court of Civil Appeals of Texas.

Waco.

Oct. 23, 1969.

Kenneth R. Barron, Tyler, for appellant.

Tabor, Deatherage, Pool & Fowler, James Deatherage, Mark Pool, Irving, for appellee.

OPINION

WILSON, Justice.

Summary judgment was rendered for plaintiff in his action against defendant on promissory notes. The record consists of pleadings and affidavits.

Defendant pleaded under oath that the notes were actually given as security for goods delivered to him by plaintiff on consignment, or alternatively, that "he was told that the instruments on which this suit is based were fully satisfied and that any action on them was released or waived"; that he had been told to keep the proceeds of sale of products he had tendered as payment on the notes to apply on his expenses; that he had offered to return the goods remaning on hand in satisfaction of the balance on the note, as had been agreed.

Defendant's affidavit stated he was a salesman for products; that it was his understanding that goods were delivered to him on consignment and he could return those unsold for credit; that he was told to retain tendered proceeds of sales to apply on his expenses; and that the notes were given "as security for the goods taken on consignment".

Since it is not claimed the asserted parol agreement affected delivery, but only payment of the note, the evidence in the affidavit would neither be admissible, nor constitute a defense. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, 952. Sanders v. Cloud, Tex.Civ.App., 409 S.W.2d 876. Holliday v. Anderson, Tex.Civ.App., 428 S.W.2d 479, syl. 2, and cases cited. The remaining allegations, since they are dependent on those concerning a prior or contemporaneous extraneous agreement as to payment, varying the terms of the instrument, would not be available as a defense.

Affirmed.