**Joe S. HILL, Appellant,**

v.

**Anna Lou MEADOWS, Appellee.**

**No. 6225.**

Court of Civil Appeals of Texas, El Paso.

Jan. 26, 1972.

Rehearing Denied Feb. 23, 1972.

---

Garland Casebier, H. J. Rucker, Midland, for appellant.

Stubbeman, McRae, Sealy, Laughlin & Browder, Harrell Feldt, Midland, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a suit on a promissory note. Anna Lou Meadows, Plaintiff-Appellee, brought suit against Joe S. Hill, Defendant-Appellant, for the unpaid balance of a note, interest, and attorney's fees. The trial Court entered judgment for the Plaintiff and Defendant perfected this appeal. We affirm.

On February 1, 1964, the Defendant executed a promissory note payable to W. L. Meadows, Jr., in the principal sum of $20,000.00, payable in four annual installments of $5,000.00 each, commencing on February 1, 1965. W. L. Meadows, Jr., the husband of the Plaintiff, died in 1966. The note was executed pursuant to a written agreement between the Defendant and Mr. Meadows whereby the Defendant paid Mr. Meadows $5,000.00 cash plus the note and obtained a deed to property which they owned jointly at that time. The existing indebtedness on the property was assumed by the Defendant. Defendant contended that he was not liable on the note due to an ancillary oral agreement he had with Mr. Meadows to the effect that he would not be liable on the note unless it could be paid from profits or sale of the real estate involved. In addition, Defendant further contended that he made a second oral agreement with Mr. Meadows just prior to the due date of the first installment that by payment of $5,000.00, which was paid, that the Defendant would have no further liability on the note. The second oral agreement was allegedly made while Mr. Meadows was in the hospital suffering from an illness that resulted in his death approximately sixteen months later.

Findings of fact and conclusions of law were filed by the trial Court. The Court found that there were no collateral agreements which would alter the conditions of the note and that the Plaintiff was entitled to recover in accordance with its terms. Judgment was entered for Plaintiff in the sum of $15,000.00 principal, $6,375.00 accrued interest, and $1,500.00 attorney's fees.

The Defendant assigned five points of error. The first four relate to the Court's findings or failure to make requested findings as unsupported by the evidence or against the great weight and preponderance of the evidence introduced.

The only testimony heard by the Court as to the controverted issues came from the parties. Two exhibits were introduced consisting of the note and a letter agreement prepared by the Defendant directed to, approved, and accepted by Meadows detailing the terms of their transaction. The agreement was two legal pages in length and set out in detail, the terms of the trade and described in particularity, the indebtedness

that the Defendant agreed to assume. Neither exhibit made any reference to the oral agreements alleged by the Defendant.

The only testimony as to the oral agreements came from the Defendant. No one else was present at the time the alleged agreement was made for the sale of the land, nor was anyone else present at the time of Defendant's payment at the hospital. Two notations in Mr. Meadows' handwriting were shown on the note to the effect that $500.00 was paid in December of 1964, and $4,500.00 paid on January 26, 1965, which was shown as being the balance of the February 1st, 1965, payment.

The testimony showed that the Defendant and Mr. Meadows had a close personal relationship and were associated in the real estate venture. The Defendant was experienced in business and real estate transactions. He is self-employed as a builder, and for a number of years, was engaged in buying, selling, and trading in oil properties, and had been engaged in mortgage and bank financing in connection with his business interests.

[1] The Defendant contends that the Court committed error in its judgment in view of the fact that the testimony of the Defendant is uncontradicted and that the only evidence introduced supports the Defendant's contention of the two oral agreements. In support of this position, Defendant cites In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), and Gibbins v. McMillan, Tex.Civ.App., 383 S.W.2d 94 (error ref., n. r. e.). The Defendant is the only survivor of the parties to the transaction since Mr. Meadows is now deceased. The trier of the facts however, is not bound to accept the testimony of an interested witness. McCormick et al. v. Kampmann, 102 Tex. 215, 115 S.W. 24 (1908); Poulter v. Miller, 221 S.W. 965 (Tex.Com.App. 1920).

▬ If the testimony of an interested witness is clear, positive and uncontradict-

ed, and in addition, there are no circumstances in evidence tending to discredit the testimony, then it may be conclusive. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1942); Praetorian Mutual Life Insurance Company v. Sherman, 455 S.W.2d 201 (Tex.Sup.Ct. 1970). Circumstances exist here that would justify the trial Court in rejecting Defendant's defense of oral agreements. The property venture was a financial loss. Thus, under Defendant's contentions, he would not owe any amount. To make even one payment would be inconsistent. Further, the note remained in the possession of the deceased. If the note was paid in full by paying one installment, it would be consistent with business transactions to mark it accordingly rather than noting the payment of an installment. Also, the Defendant is a person knowledgeable in land transactions and financing and was aware of Mr. Meadows failing health. We conclude that the record is sufficient to support the Court's findings of fact and conclusions of law.

Defendant's fifth point of error complains of the trial Court's finding that all conditions and agreement of the parties were embodied within the terms of the note for the reason that there was no evidence to support such a finding. The holding that the prerogative is with the trier of the facts to accept or reject the testimony of an interested witness effectively disposes of this point also. In addition, the parol evidence rule, being a rule of substantive law rather than a rule of evidence, properly precludes the enforcement of prior or contemporaneous inconsistent oral agreements. McCormick and Ray, Texas Law of Evidence, Sec. 1601, p. 444; Rasey v. Perryman, Tex.Civ.App., 262 S.W.2d 761 (n. w. h.); McCormick et al. v. Kampmann, supra; Venuto v. Strauss, Tex.Civ.App., 415 S.W.2d 543 (n. w. h.).

For the foregoing reasons, all of Defendant's points of error are overruled and the judgment of the trial Court affirmed.