### ENGINEERING TECHNOLOGY ANALYSTS, INC., Appellant,

v.

### V. V. (Bob) SHETTI, Appellee.

### No. 16405.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 19, 1974.

Ross, Griggs & Harrison, Timothy E. McKenna, Houston, for appellant.

Wendell S. Loomis, Houston, for appellee.

EVANS, Justice.

Engineering Technology Analysts, Inc., defendant in the trial court, appeals from a summary judgment awarding V. V. (Bob) Shetti the sum of $1627.50 as the balance of his compensation due under an alleged contract of employment. The court also awarded interest at the legal rate from September 30, 1971, the date which the court found the defendant breached the contract, plus attorney's fees in the amount of $350.00.

The summary judgment proof consisted entirely of the pleadings and interrogatories to the parties. In plaintiff's original petition he alleged he had been hired as an employee of the defendant on or about August 13, 1971 under a written employment contract, an alleged copy of which was attached as an exhibit to his petition. Plaintiff alleged he had commenced work on August 15, 1971 and had been discharged in violation of the terms of his contract on September 30, 1971. He further alleged he had been paid for one and one-half months of the stipulated three month minimum employment period, and that the defendant had refused to pay him for the remaining one and one-half months under his employment contract. Plaintiff alleged he had held himself ready, willing and able to continue in the employ of the defendant and that he was not guilty of any act specified in the employment agreement which would cause or excuse defendant's performance under the agreement.

The defendant's verified second amended answer to plaintiff's original petition consisted of a general denial and allegations of lack and failure of consideration and that the defendant had been induced to employ the plaintiff upon his representations that he could perform the work he was being employed to perform and that defendant was entitled to rescind the contract because the plaintiff was unable or unwilling to perform the work as represented.

In response to interrogatories, the defendant stated that its allegations of want of consideration were based upon the plaintiff's failure to perform elementary structural analysis and data conversion tasks and that plaintiff had represented in his resume for employment and in his discussions with the defendant's personnel prior to employment, that he had performed tasks of similar or greater complexity. It further responded with information as to the dates and hours worked

by the plaintiff during the period August 16, 1971 through September 10, 1971 and indicated that its complaint with plaintiff's work was not with respect to the extent of hours worked but rather with the results of his work.

The alleged contract attached as an exhibit to plaintiff's petition is a printed form of agreement with blank spaces for filling in the date, the name and address of the employee, the employee's position and the amount of the employee's compensation. At the end of the document are blanks for filling in the date of execution and lines for signature of the employer's president and of the employee. Neither the date of execution nor the signatures of the employer or employee are filled in on the exhibit copy of the purported contract. Both the plaintiff's petition and his motion for summary judgment were unsworn and the authenticity of the alleged contract was unverified.

Plaintiff failed to attach either the original or a sworn copy of the alleged contract of employment to his motion for summary judgment or to an affidavit in support of such motion. Either method would have established prima facie proof of its existence and authenticity. Rule 166–A(e), Texas Rules of Civil Procedure. Texas Nat'l Corporation v. United Systems Internat'l, Inc., 493 S.W.2d 738, 741 (Tex. 1973). Neither did plaintiff set forth facts in a supporting affidavit showing that the alleged contract had been executed, as was done in Youngstown Sheet & Tube Company v. Penn, 363 S.W.2d 230 (Tex.1962). It was plaintiff's burden to establish by competent summary judgment proof the terms of a completed agreement between the parties, even in the absence of a plea of non est factum under Rule 93(h), T.R. C.P. Decor Dimensionals, Inc. v. Smith, 494 S.W.2d 266 (Tex.Civ.App.—Dallas 1973, no writ). Plaintiff failed to meet this burden, either by affirmative proof or through defendant's own admissions. While defendant's answer did recognize the existence of a contract with plaintiff,

we do not view these allegations as admissions of execution of the particular writing attached to plaintiff's petition. We grant appellant's first point of error.

We also agrant appellant's second and third points asserting that the summary judgment proof failed to establish the plaintiff's performance and the defendant's breach of the alleged contract. Plaintiff alleged his willingness and availability to continue his employment with defendant and asserted, in effect, that defendant had wrongfully terminated his employment. However, there is a complete absence of sworn testimony establishing these essential elements of plaintiff's case.

In view of the fact that the judgment of the trial court must be reversed and remanded for further proceedings, we find it unnecessary to consider appellant's points four through six asserting that the summary judgment proof failed to establish a legal basis for the trial court's award of damages and that the summary judgment proof raised issues of fact as to defendant's affirmative defenses.

Reversed and remanded.