Lester LINDLEY, Appellant,

v.

James T. SMITH, Appellee.

No. 941.

Court of Civil Appeals of Texas,
Corpus Christi.

June 19, 1975.

John J. Pichinson, H. E. Bower, Corpus Christi, for appellant.

George D. Shaffer, Corpus Christi, for appellee.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Plaintiff brought this suit against the defendant for reimbursement of costs incurred and for payment of attorney's fees for representing the defendant in five separate cases. Plaintiff moved for summary judgment against defendant. The trial court granted summary judgment in favor of the plaintiff for $1,246.40, together with interest thereon at the rate of 6% per annum from date, and attorney's fees in the amount of $415.46, for a total of $1,661.86. From that judgment the defendant has duly perfected his appeal to this Court.

It appears that the Honorable James T. Smith, hereafter referred to as plaintiff, was employed and retained as the attorney for Lester Lindley in connection with his representation of five separate cases. The plaintiff prepared a lengthy detailed accounting and presented it to the defendant. The accounting listed the cases in which defendant had employed the plaintiff. The accounting set out in itemized form all of the expenses incurred and moneys advanced to the defendant. The total amount was $1,483.45. On April 7, 1973, the plaintiff and defendant signed and approved the itemized statement and an agreement as to the distribution of funds to

be received in the settlement of the case of Lindley v. Lee Roberts, Case No. 170, 783–C, 28th District Court of Nueces County. Said agreement entered into between plaintiff and defendant is set out in part as follows:

"It is understood between client, Lester Lindley, and attorney, James T. Smith, that the case of Lester Lindley vs. Lee Roberts will be settled for the sum of $2,000.00 and the above deductions and fees will be paid and the balance of $516.55 remitted to Lester Lindley.

APPROVED:

/s/ James T. Smith

James T. Smith
Attorney   4–7–73

/s/Lester Lindley

Lester Lindley
Client   4–7–73"

On April 7, 1973, defendant Lindley also gave his authorization to his attorney Smith to receive a check in settlement of said case and distribute it according to the agreement set out above. Said authorization states that:

"CASE NO. 110,783–C, 28th DISTRICT COURT, LESTER LINDLEY VS. LEE ROBERTS

I HEREBY AUTHORIZE my attorney, James T. Smith, to receive a check in the above entitled matter made payable to him as my attorney, or if made payable to me and to James T. Smith, as my attorney, to endorse my name and signature to said check, to deposit same in his settlement account and to make the distribution as hereinbefore set forth PROVIDED a xerox copy of the check for $2,000.00 be forwarded to me.

/s/ Lester Lindley

Lester Lindley
Client
4–7–73"

The defendant contends that on the 7th day of April, 1973, at the time of signing the accounting agreement and authorization he informed the plaintiff that he did not desire to settle the case against Lee Roberts for the sum of $2,000.00, but signed the agreement only under duress when plaintiff told him he would not settle a $12,000 judgment, which Lanphier Construction Company obtained against him for $1,000.

The defendant evidently attempted to revoke the authorization to cash the check as evidenced by his statements contained in his affidavit, prior to actual settlement. Plaintiff then filed suit against the defendant for payment of the debts due as alleged, plus reasonable attorney's fees. Thereafter, plaintiff moved for summary judgment which was granted by the trial court. From this judgment the defendant has duly perfected his appeal to this Court.

■ In summary judgment cases the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970); Farley v. Prudential Insurance Company, 480 S.W.2d 176 (Tex.Sup.1972). The summary judgment sought should be granted, and if granted should be affirmed only if the summary judgment record establishes a right thereto as a matter of law. Gibbs v. General Motors Corporation, supra, at 828. Harrington v. Young Men's Christian Association of Houston and Harris County, 452 S.W.2d 423 (Tex.Sup.1970); Rule 166–A(c), Rules of Civil Procedure.

The plaintiff's summary judgment evidence consists of: 1) plaintiff's motion for summary judgment; 2) an affidavit of plaintiff James T. Smith; 3) and the unsworn and uncertified copies of the "accounting" and "authorization" attached to the affidavit.

The defendant on the other hand includes within his controverting summary judgment evidence: 1) his answer to plaintiff's motion for summary judgment, contending that by virtue of the pleadings and the affidavit attached to the answer, a genuine issue as to a material fact exists which

must be determined by the jury; 2) and defendant's controverting affidavit.

Before discussing whether plaintiff by his summary judgment evidence has established, as a matter of law, that there exists no fact issue, plaintiff's first counter point should be considered. Here, the plaintiff questions whether defendant's controverting affidavit was actually before the trial court in that the controverting affidavit was filed September 20, 1974, the same date of the judgment, thus not in strict compliance with Rule 166-A(c), T.R.C.P. The rule reads in part as follows:

"(c) Motion and Proceedings Thereon. The motion for summary judgment shall state the specific grounds therefor. The motion shall be served at least ten days before the time specified for the hearing. *The adverse party prior to the day of hearing may serve opposing affidavits. . . .*" (Emphasis supplied.)

■ Although Rule 166-A(c) provides that the adverse party may serve opposing affidavits prior to the day of hearing, this provision is merely directory. The trial courts have considerable discretion to receive affidavits on the date of the hearing. 4 McDonald, Texas Civil Practice § 17.26.7 (1971); Brown v. Aetna Casualty and Surety Company, 366 S.W.2d 673 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); Axcell v. Phillips, 473 S.W.2d 554 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.); City National Bank in Wichita Falls v. Bradshaw, 433 S.W.2d 955 (Tex.Civ.App.—Fort Worth 1968, no writ). The plaintiff having shown no abuse of discretion by the trial judge, we hold that the controverting affidavit was properly considered.

■ With the defendant's answer and controverting affidavit before us, the question still remains whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. The specific question to be determined on appeal is whether plaintiff has established as a matter of law that according to the agreement (designated as an accounting) he is entitled to the $1,246.40, attorney's fees and costs. We believe plaintiff has failed to satisfy his summary judgment burden.

The defendant, in his affidavit, states in part as follows:

"That on the 7th day of April, 1973, at the time of the signing of Plaintiff's Exhibit 'B' set forth in Plaintiff's Motion for Summary Judgment, I informed the Plaintiff, Mr. James T. Smith, that I did not desire to settle the case against Lee Roberts for the sum of Two Thousand ($2,000) Dollars, but signed the agreement only under duress when Plaintiff told me that he would not settle a $12,000 Judgment which Lanphier Construction Company obtained against me for $1,000. At the time of the signing of said Exhibit 'B' Plaintiff well knew that I did not want to settle said case against Lee Roberts for $2,000 and that I would not sign any release or indorse any check in final settlement of said case."

■ The general rule in summary judgment cases is that all conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Farley v. Prudential Insurance Company, 480 S.W.2d 176 (Tex.Sup.1972); Parrott v. Garcia, 436 S.W.2d 897 (Tex.Sup. 1969); Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup.1965). The burden of demonstrating the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233 (1957); Gulbenkian v. Penn, 151 Tex. 412, 252

S.W.2d 929 (1952); Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961); 4 McDonald, Texas Civil Practice § 17.26.12, pp. 174, 175 (1971). We hold, as we must, that there was a fact issue as to whether defendant by the means of duress was induced to sign the agreement made the basis of this suit. There being an issue of fact to be decided, it was improper for the trial court to have granted summary judgment for the plaintiff. Defendant's assignment of error number one is sustained.

There appears to be a further reason why the said summary judgment in favor of plaintiff was improper. The defendant in his fourth point of error contends that the trial court erred in granting attorney's fees in the amount of $415.46 because there is no summary judgment evidence supporting the granting of such attorney's fees. We agree. There was no evidence by affidavit or otherwise that $415.46 was a reasonable fee. The judgment recites that the court considered all of the pleadings on file, together with such affidavits, but there is no summary judgment evidence in the record bearing upon the amount and the reasonableness of such fee. The plaintiff's motion for summary judgment merely asks for "reasonable attorney's fees."

The proof necessary to sustain attorney's fees in a summary judgment case must meet the same standards of proof as in other similar causes of action. The pleadings, even though sworn to are insufficient to constitute summary judgment evidence. Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540 (Tex.Sup.1971). There must be something other than sworn pleadings to prove up attorney's fees under Article 2226, Vernon's Ann.Civ.St. There must be proof, such as a deposition, interrogatories, admissions, or affidavits from competent witnesses. This proof must establish the basis for the fee, whether the contract of the attorney is for a contingent or non-contingent fee. If non-contingent, it should set forth the amount of work included and other bases that attorneys use for substantiating the fee. With this proof before the trial court, the court can then determine the reasonableness of the attorney's fee. See Stafford v. Brennan, 498 S.W.2d 703 (Tex.Civ.App.—Corpus Christi 1973, no writ); Audiomedia, Inc. v. Rollins Outdoor Advertising, Inc., 477 S.W.2d 370 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.); Goodman v. Art Reproductions Corporation, 502 S.W.2d 592 (Tex.Civ. App.—Dallas 1973, writ ref'd n. r. e.); Duncan v. Butterowe, Inc., 474 S.W.2d 619 (Tex. Civ.App.—Houston [14th Dist.] 1971, no writ). There being no summary judgment evidence as to the reasonableness of attorney's fees, the learned trial court was without authority to award plaintiff attorney's fees. Appellant's fourth point of error is sustained.

Although it is not necessary to the proper disposition of this case, the appellant's third point of error should also be considered. Appellant contends that the trial court erred in entering the summary judgment because the affidavit attached to plaintiff's motion for summary judgment is insufficient in that the copies attached thereto are neither sworn to nor certified as required by Rule 166–A(e), T.R.C.P. Rule 166–A(e) provides as follows:

"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.*" (Emphasis supplied).

The two exhibits attached to plaintiff's affidavit, the purported accounting

agreement and the authorization, were neither sworn to nor certified as required by Rule 166–A(e). See Texas National Corporation v. United Systems International, Inc., 493 S.W.2d 738 (Tex.Sup.1973); Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961); Kain v. Neuhaus, 515 S.W.2d 45 (Tex.Civ.App.—Corpus Christi 1974, no writ). Plaintiff's affidavit was then subject to exception because verified or certified copies of the two instruments were not attached to or served with the Smith affidavit. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup.1963). Objections of this kind may not be raised for the first time on appeal when it fairly appears from the record (including the affidavit) that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Youngstown Sheet & Tube Co. v. Penn, supra; Farmers & Merchants Compress & Warehouse Company v. City of Dallas, 335 S.W.2d 854 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.). However, since the plaintiff has failed to show he is entitled to a judgment here, such deficiencies, which should have been corrected upon proper exception in the trial court, are noted.

Because of the errors hereinbefore set forth, the judgment of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.