Robert N. CHAPLIN, Appellant,

v.

Lawrence MILNE, Appellee.

No. 6594.

Court of Civil Appeals of Texas, El Paso, Texas.

Aug. 3, 1977.

Rehearing Denied Aug. 31, 1977.

Collins, Langford & Pine, William C. Collins, Charles E. Vinson, El Paso, for appellant.

Studdard, Melby, Schwartz, Crowson & Parrish, Harold E. Crowson, Jr., El Paso, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a suit on a promissory note executed by the Appellant and payable to the Appellee. Involved is the question of the application of the Parol Evidence Rule where a contemporaneous oral agreement is judicially admitted. The trial Court awarded judgment for the principal sum due plus interest and attorney's fees, and a verdict was directed as to Appellant's cross-action. We affirm the judgment of the trial Court.

The note was a printed form and absolute as to its terms with payment due six months from date of its execution. Appellant says that there was a contemporaneous oral agreement that on the due date the note would be renegotiated. He says this agreement was judicially admitted by the following testimony of the Appellee:

"Q Did you actually expect Mr. Chaplin to pay that note off at the end of six months, this $20,000.00?

"A I expected cash or negotiation.

"Q Cash or negotiation?

"A Yes.

"Q What do you mean by that?

"A Well, either we would make a deal or he would either pay me off or we would make a deal as to—

"Q In other words, you would make a new arrangement with him at the end of six months, is that what you are saying?

"A Well, yeah, but you always do on a note."

What we traditionally call the Parol Evidence Rule is embodied in Section 2.202 of the Uniform Commercial Code, entitled "Final Written Expression: Parol or Extrinsic Evidence."

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented."

There then follows two situations in which the writing may be explained or supplemented, but neither are applicable here. The prohibition is against contradictory terms by parol or extrinsic evidence. Here, that evidence is in the form of a judicial admission. Admittedly, that establishes the fact of the oral agreement. We then have the written agreement and the oral agreement, and we are back to the basic rule that the writing controls. In the words of Section 2.202, "such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." It is not a question of the manner of showing the parol agreement, whether by judicial admission or otherwise; rather, it is the operative effect of the evidence, for the Parol Evidence Rule is one of substantive law. As this Court said in *Hill v. Meadows*, 476 S.W.2d 705 (Tex.Civ.App.—El Paso 1972, no writit):

" * * * In addition, the parol evidence rule, being a rule of substantive law rather than a rule of evidence, properly precludes the enforcement of prior or contemporaneous inconsistent oral agreements. McCormick and Ray, Texas Law of Evidence, Sec. 1601, p. 444; *Rasey v. Perryman*, Tex.Civ.App., 262 S.W.2d 761

(n.w.h.); *McCormick et al. v. Kempmann, supra,* [102 Tex. 215, 115 S.W. 24]; *Venuto v. Strauss,* Tex.Civ.App., 415 S.W.2d 543 (n.w.h.)."

The trial Court did not err in granting judgment based on the written note, and it follows that it did not err in excluding Appellant's proffered evidence as to such oral agreement. The judgment of the trial Court is affirmed.