Larry BROADDUS et al., Appellants,

v.

TOWN NORTH NATIONAL BANK, Appellee.

No. 1059.

Court of Civil Appeals of Texas, Tyler.

Nov. 3, 1977.

Rehearing Denied Dec. 15, 1977.

Laird H. McNeil, Parnass, Fowler & Avery, Irving, for appellants.

James S. Pleasant, Wynne & Jaffe, Dallas, for appellee.

McKAY, Justice.

This is an appeal from a summary judgment granted appellee, Town North National Bank, against appellants, Larry Broaddus and Terrell C. Taylor, on a promissory note.

Appellants Broaddus and Taylor were co-makers, along with one Charles W. Curtis, of a promissory note dated January 10, 1975, in the principal sum of $8,900.00, payable to appellee on July 9, 1975, with interest thereon at the rate of 10% from date until maturity. The due date for payment of such note was extended to October 9, 1975, after a partial payment was made reducing the principal balance to $7,000.00. On November 25, 1975, appellee demanded payment in full of the unpaid principal and interest; but, except for a partial payment of interest, appellants made no further remittance, leaving a balance of $7,231.02 due and owing. Thereupon, appellee brought suit and filed a motion for summary judgment (Charles W. Curtis, originally named as a defendant, was dismissed without prejudice upon motion by appellee). In response to appellee's motion for summary judgment, appellants filed an answer and affidavits which appellants contend, in conjunction with other instruments on file, raised genuine, material fact questions and issues as to their liability to appellee. Upon hearing and consideration of the affidavits in support of and opposition to appellee's motion, the trial court determined that there was an absence of a genuine issue of material fact, and the court entered summary judgment on appellee's behalf, from which appellants duly perfected their appeal.

Appellants' point one complains that the trial court erred in granting summary judgment because neither the original nor a certified copy of the promissory note sued upon was properly before the court. In its motion for summary judgment, appellee bank alleged that there was no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law. In connection with the motion for summary judgment there was filed an affidavit of William D. Hudson, Executive Vice-President of Town North National Bank, in which he stated that he was competent to testify of every statement made therein and that the facts stated in the affidavit were within his personal knowledge and are true and correct. In the affidavit Hudson stated, "A true and correct copy of the note is attached hereto, marked as Exhibit A and is incorporated herein for all purposes." The note was attached to the affidavit, and the affidavit was sworn and subscribed before a notary public of Dallas County, Texas. Appellants aver and argue that neither the original nor a sworn or certified copy of the note was attached to the affidavit or to the motion for summary judgment, and they contend that the provisions of Rules 166–A, Texas Rules of Civil Procedure, and particularly Rule 166–A(e), which provides that sworn or certified copies of all papers referred to in an affidavit in support of the motion must be attached thereto. Rule 166–A(e) provides in part, "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

Appellants cite and rely upon *Texas National Corp. v. United Systems International*, 493 S.W.2d 738 (Tex.1973). In that case the plaintiff's petition stated that "a copy of said note" *was attached to the petition* marked Exhibit A and referred to for all purposes, but the copy of the note was not attached to the motion or the affidavit as a sworn or certified copy. The Supreme

Court reversed the summary judgment rendered because "1. The factual statements to support the motion for summary judgment are in the pleadings, not in a sworn motion or affidavit in support of the motion . . , 2. neither the original nor a sworn copy of the note was attached to a motion or an affidavit in support of the motion as required by Rule 166–A(e)." In our opinion the *Texas National* case is not in point with the case at bar.

Appellants also cite *Horn v. First Bank of Houston*, 530 S.W.2d 864 (Tex.Civ.App.— Houston [14th Dist.] 1975, no writ); *Lindley v. Smith*, 524 S.W.2d 520 (Tex.Civ.App.— Corpus Christi 1975, no writ); *Engineering Technology Analysts, Inc. v. Shetti*, 517 S.W.2d 698 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); and *Kain v. Newhaus*, 515 S.W.2d 45 (Tex.Civ.App.—Corpus Christi 1974, no writ). In the *Horn* case it was held the affidavit in support of a motion for summary judgment was defective because it did not recite that it was made on the personal knowledge of the affiant, and that such defect was objected to in the trial court. In *Lindley* the two exhibits attached to the plaintiff's affidavit "were neither sworn to nor certified as required by Rule 166–A(e)." In *Engineering Technology* the summary judgment proof consisted entirely of the pleadings and interrogatories of the parties, and the plaintiff failed to attach either the original or a sworn copy of the alleged contract of employment to the motion for summary judgment or to an affidavit in support of such motion. The court there said, "Either method would have established prima facie proof of its existence and authenticity."

The only case appellants cite which we deem in point is *Kain v. Newhaus*, supra, in which the court indicates that attaching an exhibit which is itself unsworn and uncertified to an affidavit wherein the affiant refers to the attached exhibit as being true and correct does not satisfy Rule 166–A(e).

The question presents itself: What is meant by the language of Rule 166–A(e) as to what constitutes a sworn copy of an exhibit? Must the exhibit be sworn to or certified separately from the affidavit and then attached, or may the affiant who executes the affidavit swear that the attached exhibit is a true and correct copy of the original exhibit?

In *International Shelters, Inc. v. Corpus Christi State National Bank*, 475 S.W.2d 334, 338 (Tex.Civ.App.—Corpus Christi 1971, no writ), it was held that a photographic copy of the note executed by appellants attached to the petition and certified in the affidavit "to be a true and correct copy of the original note" was not subject to the objection that the affidavits were insufficient because "papers referred to in the affidavits were not attached or served therewith."

In *Rosenthal Produce Co. v. Tasinc Corp.*, 470 S.W.2d 448 (Tex.Civ.App.—Dallas 1971, no writ), it was held that where the affidavit in support of the summary judgment motion, made by the president of appellee company, to which were attached copies of the notes which affiant swore were true and correct copies of the original notes, and which notes were duly assigned to and then owned by appellee, was in full compliance with Rule 166–A(e).

There are many cases reported that follow the rule that if the original promissory note is not attached to a motion for summary judgment or to an affidavit in support of such motion, then a sworn or certified copy must be attached to such motion or affidavit. See *Perkins v. Crittenden*, 462 S.W.2d 565 (Tex.1970). There is an absence of cases, however, with one or two exceptions, where the courts have defined what constituted a sworn copy of a promissory note. In our opinion, when a photographic copy of a promissory note is attached to an affidavit in which the affiant swears that the attached note is a true and correct copy of the original note, then in such event the note becomes a sworn exhibit and is in full compliance with Rule 166–A(e). Appellants' first point is overruled.

In their second point appellants contend that the summary judgment evidence before the court raised material fact issues. In opposition to appellee's motion for summary judgment appellants filed affidavits in which each of them stated that Hudson, acting for the bank, explained to appellants that Curtis would have sole responsibility for payment of the note, and that the bank would not look to either of appellants for repayment; that appellants believed Hudson's statements to be true, relied upon them, and signed the note because they were induced to do so by the bank's agent, Hudson; that neither of the appellants ever received the proceeds of the note nor any cattle purchased with the proceeds. Appellants say the fact question of fraud in the inducement is raised and, therefore, summary judgment is improper and error. We agree.

Appellants rely upon Art. 3.306(2), Texas Business and Commerce Code, *Dallas Farm Machinery Co. v. Reaves*, 158 Tex. 1, 307 S.W.2d 233 (1957), and *Berry v. Abilene Savings Association*, 513 S.W.2d 872 (Tex. Civ.App.—Eastland 1974, writ ref'd n. r. e.). Art. 3.306(2) provides:

> "Unless he has the rights of a holder in due course any person takes the instrument subject to
>
> .        .        .        .        .
>
> "(2) All defenses of any party which would be available in an action on a simple contract."

The *Dallas Farm Machinery* case holds that parol evidence is admissible to show fraud in the inducement of a written sales contract. *Berry* holds that under the fact situation of that case parol evidence was admissible to show that the maker of a note was induced by the false and fraudulent representations of the payee to sign the promissory note. *Berry* cites with approval *Viracola v. Dallas International Bank*, 508 S.W.2d 472, 474 (Tex.Civ.App.—Waco 1974, writ ref'd n. r. e.), in which case the court held that fraud in the inducement was a

good defense in a suit on a note between the original parties, and that "the exception to that rule which permits the admission of extrinsic evidence, to show that the execution of a simple contract was procured by fraud applies also in actions on notes."

There is a long line of cases decided both before and subsequent to the enactment of the Texas Business and Commerce Code, which hold that evidence of a prior or contemporaneous oral agreement may not be used to vary or contradict the terms of a written instrument. Some of the recent cases so holding are: *Texas Export Development Corp. v. Schleder*, 519 S.W.2d 134 (Tex.Civ.App.—Dallas 1974, no writ); *Wyatt v. National Chemsearch Corp.*, 447 S.W.2d 715 (Tex.Civ.App.—Waco 1969, no writ); *McPherson v. Johnson*, 436 S.W.2d 930 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.); *Martin v. Coastal States Producing Company*, 417 S.W.2d 91 (Tex. Civ.App.—Eastland 1967, no writ); *Kemper v. Branch*, 394 S.W.2d 819 (Tex.Civ.App.— Eastland 1965, no writ); *Chaplin v. Milne*, 555 S.W.2d 161 (Tex.Civ.App.—El Paso 1977, no writ); 2 McCormick & Ray, Texas Law of Evidence, Sec. 1601 (2d Ed. 1956). And it is also held that the parol evidence rule is a rule of substantive law rather than a rule of evidence, and it properly precludes the enforcement of prior or contemporaneous oral agreements. *Hill v. Meadows*, 476 S.W.2d 705 (Tex.Civ.App.—El Paso 1972, no writ); *Chaplin v. Milne*, supra; 2 McCormick & Ray, supra.

However, the case at bar is similar in facts to *Berry* and *Viracola*, both of which were writ refused, no reversible error cases, and we are constrained to follow their conclusion that under *Dallas Farm Machinery Co. v. Reaves*, supra, together with Sec. 3.306(2), Texas Business and Commerce Code, oral evidence of fraud in the inducement of a promissory note is admissible.

A summary judgment should be granted if the summary judgment record establishes

a right thereto as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970). The ultimate question is whether the summary judgment proof establishes that there is no genuine issue as to any material fact. Rule 166–A, supra. It follows that appellee has not met its burden in demonstrating that there is no genuine issue of a material fact. *Gulbenkjan v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1953).

Judgment of the trial court is reversed, and the cause is remanded.