Sheron R. **SHEPPARD**, Jr., a/k/a S. R. Sheppard, Jr., Appellant,

v.

**CITIZENS NATIONAL BANK OF AUSTIN, Appellee.**

No. 12747.

Court of Civil Appeals of Texas, Austin.

June 14, 1978.
Rehearing Denied July 5, 1978.

Rogan B. Giles, Austin, for appellant.

John H. Akin, Pearce, Smith & Akin, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee bank filed suit against appellant on a promissory note. In response appellant filed a counterclaim against appellee bank for damages resulting from a breach of various alleged oral agreements. The trial court granted appellee's motion for summary judgment on the note balance and severed appellant's counterclaim against appellee bank.

It is from this judgment that appellant has perfected his appeal to this Court.

We affirm the judgment.

Appellee bank brought this suit for the unpaid balance of a note executed by appellant, and, subsequently, appellee filed a motion for summary judgment. Then appellant filed his plea in opposition to appellee's motion for summary judgment and also filed a cross-action against appellee alleging that appellee bank had violated the agreement concerning a schedule of repayment and renewal of the note; that the bank had induced appellant to cause his wife to pledge her separate property as additional collateral for repayment of the note and had also promised to release the collateral upon the fulfillment of certain conditions; and that even after the conditions had been met, the bank wrongfully foreclosed on the wife's separate property; that appellant had expended funds in reliance upon the bank's promises concerning the note's repayment and renewal schedule; that the bank had sold the collateral that it held to its own agent at grossly inadequate prices at foreclosure sale; and that the acts of the bank had resulted in damage to the credit reputation of appellant.

After hearing appellee's motion for summary judgment, the court took the matter under advisement. Several days later, appellee filed a motion for severance seeking to sever appellant's cross-action from the original case. The court granted appellee's motion for severance and at the same time granted appellee's motion for summary judgment.

Appellant is before us on two points of error, viz., the error of the court in granting summary judgment when there were material issues of disputed fact raised by appellant's plea in opposition to the summary judgment; and the error of the court in granting appellee's motion to sever appellant's cross-action from the original cause

of action and that the court abused its discretion by granting this severance. We overrule these points.

■ We are mindful that the movant for summary judgment has the burden of showing that there is no genuine issue of material fact raised by the summary judgment proof, and that in deciding there is a disputed issue of material fact which precludes summary judgment evidence favorable to the nonmovant will be taken as true, and every reasonable inference in favor of the nonmoving party must be indulged in with any doubts resolved in his favor.[1] Nevertheless, appellant's defenses set out in his plea in opposition to the motion for summary judgment constitute inadmissible efforts to vary the terms of the promissory note. *Kuper v. Schmidt,* 161 Tex. 189, 338 S.W.2d 948 (1960).[2]

■ The essence of appellant's controverting affidavit is that there was an oral agreement relating to the time for payment of his note and that the bank violated the agreement. In addition to the alleged oral agreement as to the time of payment, appellant alleges that he had spent money developing property in reliance on such agreement, that the bank violated the agreement in foreclosing against the property, and that the property was bid in at an inadequate price. Appellant also alleges appellee breached a repayment agreement. With the exception of the allegation that the property was bid in at an inadequate price, which facet we will discuss later in this opinion, these "understandings" "may not be shown by extrinsic evidence as a defense to the note, because it clearly contradicts the unconditional promise expressed in the written instrument to pay a sum certain in money on a fixed future date." *Kuper v. Schmidt, supra.*

■ With respect to the allegation that an inadequate price was paid by the bank for the property, we hold that such defense was not sufficient to defeat the motion for summary judgment inasmuch as it is a collateral attack upon a trustee sale held prior to the institution of this suit and is, in itself, insufficient to constitute a valid attack on the sale. Mere inadequacy of consideration alone does not render a foreclosure sale void if the sale was legally and fairly made. *Castle v. Appliance Buyers Credit Corp.,* 410 S.W.2d 485 (Tex.Civ.App. 1966, no writ). Also see *Tarrant Savings Association v. Lucky Homes, Inc.,* 390 S.W.2d 473 (Tex.1965).

We also affirm the trial court's order for a severance of appellant's cross-action thus overruling appellant's point relative thereto, and also overrule appellee's cross-point asserting its right to a take-nothing judgment on the cross-action as a matter of law.

■ The trial court, as a general rule, is vested with broad discretion in the matter of severance of causes, and the action of the trial court in regards thereto will not be disturbed upon appeal except for abuse of discretion. Rule 41, Tex.R.Civ.P.; *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677 (1956). Under the facts of this case, we hold that the court's judgment ordering the severance was not such an abuse. See *Cox v. Medical Center National Bank,* 424 S.W.2d 954 (Tex.Civ.App.1968, no writ).

The judgment of the trial court is in all things affirmed.

Affirmed.

---

1. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952).

2. Also see: *Martin v. Coastal States Gas Producing Co.,* 417 S.W.2d 91 (Tex.Civ.App.1967, no writ); *McPherson v. Johnson,* 436 S.W.2d 930 (Tex.Civ.App.1968, writ ref'd n.r.e.); *Wyatt v. National Chemsearch Corp.,* 447 S.W.2d 715 (Tex.Civ.App.1969, no writ); *Aetna Casualty & Surety Co. v. Watson,* 476 S.W.2d 868 (Tex.Civ. App.1972, no writ).