TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00604-CV







Texas Professional Title, Inc., Appellant



v.



Edward R. Engleking, Special Deputy Receiver For 


Title USA Insurance Corporation, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 92-03956, HONORABLE HUME COFER, JUDGE PRESIDING







 In his capacity as court-appointed receiver for Title USA Insurance Co. (TUSA),
Edward R. Engleking recovered judgment against Texas Professional Title, Inc. (TPT), from
which the latter appeals. We will affirm the trial-court judgment.



THE CONTROVERSY


 TPT sold title-insurance policies underwritten by TUSA pursuant to an agency
contract between them dated June 20, 1983. TUSA's underwriting business terminated on
October 1989, however, when its affairs and assets were placed in the hands of Engleking, a
court-appointed receiver.

 One asset delivered to the receiver was TPT's promissory note payable to TUSA
in the original principal sum of $70,617.24, bearing interest at nine percent per annum and dated
September 15, 1988. The terms of the note required payment of the $70,617.24 as follows: (1)
TPT would pay annually a minimum sum of $10,000.00; (2) the annual payments were due and
payable on January 15 of each year, commencing January 15, 1989; (3) five percent of TPT's
entitlement under the parties' rebate agreement (evidenced by two other instruments) (1) would be
applied to the indebtedness until it was discharged; and (4) all payments would be credited first
to accumulated interest on the debt. The note contained other provisions not necessary to
mention. The promissory note lacked some of the elements of a negotiable instrument; the written
promise to pay $70,617.24, however, was absolute and unconditional.

 After making one annual payment on the debt, TPT defaulted. Having received
title and possession of the note, Engleking sued for the accelerated amount owing thereunder. 
Following a bench trial, the court below awarded Engleking judgment. We do not have findings
of fact and conclusions of law; TPT did not request them. We must therefore presume the trial
court made all findings necessary to support the judgment and sustain the judgment on any legal
theory supported by the evidence. Holt Atherton Indus., Inc. v. Beine, 835 S.W.2d 80, 83 (Tex.
1992); Lemons v. E.M.V. Mfg Co., 747 S.W.2d 372, 373 (Tex. 1988).



PAROL EVIDENCE


 TPT contends its promise to pay $70,617.24 was subject to a condition subsequent
resting in parol, notwithstanding that the debt was absolute and unconditional on the face of the
note. The condition subsequent was, according to TPT, that TUSA would continue to underwrite
TPT's policies, thereby maintaining the agency agreement and the resulting "income stream"--the
sole source from which the note was payable under the parties' parol agreement.

 To establish the foregoing parol agreement, TPT offered the following testimony
of matters occurring before execution and delivery of the note: TPT's purpose in executing and
delivering the note was to obtain an "income stream" from which to pay the debt evidenced by
the note; the parties never contemplated that the debt would survive even if TUSA went out of
business; TPT was induced to execute and deliver its note solely in order to obtain the "income
stream"; a TUSA representative told a TPT representative that TUSA's purpose in the agreement
was to maintain an agency relationship with TPT and that payments were to be made only from
the "income stream" generated by rebates from premiums paid by TPT to TUSA; and no TUSA
representative ever told TPT that payment of the note would be required even if TUSA
discontinued business.

 The trial court excluded the foregoing testimony. In its first and third points of
error, TPT contends the trial court erred.

 We hold there was no error. See Veneto v. Strauss, 415 S.W.2d 543 (Tex. Civ.
App.--Eastland 1967, no writ) ("To permit appellant to prove by parol evidence that the note was
to be paid only out of appellee's profits from an oil and gas business would contradict the
unconditional promise to pay a definite sum of money set forth in the note."); Reserve Life Ins.
Co. v. Buford, 241 S.W.2d 973 (Tex. Civ. App.--Eastland 1951, writ ref'd) (evidence of parol
agreement that architects would be reimbursed costs incurred only if building not constructed not
admissible because contradicted terms of contract); Robert and St. John Motor Co. v. Bumpass,
65 S.W.2d 399 (Tex. Civ. App.--Eastland 1933, writ dism'd) ("The parol evidence rule forbids
the proof of any oral agreement varying the time of payment, or reducing, or increasing the
amount stipulated in the written contract to be paid, as for example . . . an agreement that a less
sum is to be paid upon a certain contingency.").

 The condition subsequent alleged to exist in parol would permit TPT to discharge
its debt for less than the $70,617.24 it promised in writing to pay unconditionally. We therefore
overrule TPT's first and third points of error.



EXCLUSION OF OTHER EVIDENCE


 In point of error two, TPT complains in substance that the trial court abused its
discretion in excluding the testimony of Mr. Larry Niemann, an attorney called by TPT whose
testimony was offered as expert opinion.

 TPT's counsel asked Mr. Nieman to give his opinion about "what effect the
receivership had on . . . TPT." The trial court sustained Engleking's objection that an answer
would be irrelevant. We hold there was no error.

 TPT's counsel then informed Mr. Niemann that he would be questioned about other
opinions saying:



I want to make sure you understand that any opinion question that I [ask] you in
based upon--rather your answer to that question be [sic] based upon your training
and experience as an attorney and based upon whatever reasonable probability the
law actually has.



The trial court then sustained an objection to Mr. Niemann's giving his opinion whether TUSA's
receivership "render TPT's performance under the note . . . legally and factually impossible." 
We hold there was no error. See 1 McCormick on Evidence § 12, at 50 (John W. Strong ed.,
1992 ed.) ("Regardless of the rule concerning admissibility of opinion on ultimate facts, courts
do not permit opinion on a question of law unless the issue concerns a question of foreign law."). 
Moreover, we hold any answer would have been inclusive.

 TPT's counsel informed the court that he intended to ask a series of questions
calling for answers that also amounted to opinions on questions of law. He agreed to do this,
however by a written "bill." The trial, which began July 14, 1993, ended the same day.

 The transcript contains a document filed in the cause on July 16, 1993, or two days
after the trial ended. The document is entitled "Offer of Proof of the Testimony of Larry
Niemann." It is evidently a summary of the evidence TPT intended to include in the record as
a written "bill." The document is not a formal bill of exceptions because the record does not
reflect that it was "presented to the judge for his allowance and signature." Tex. R. App. P.
52(c)(5). The document is not an offer of proof because it was developed outside the hearing of
the trier of fact and was not offered in evidence during the trial itself, so far as the record
indicates. See Lakeway Land Co. v. Kizer, 796 S.W.2d 820, 827 (Tex. App.--Austin 1990, writ
denied). Any error was therefore waived. Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.,
766 S.W.2d 264, 274-75 (Tex. App.--Amarillo 1988, writ denied).

 Accordingly, we overrule TPT's second point of error.



MUTUAL MISTAKE AND OTHER DEFENSES


 In points of error four (mutual mistake), five (failure of consideration), six
(impossibility of performance), and seven (breach of an implied duty to remain solvent), TPT
contends it proved conclusively the facts necessary to establish these defenses and the trial court
therefore erred in awarding TUSA judgment on the note. (2) Concerning points of error four
through six, the argument depends entirely upon an assumption that the parties intended liability
on the note to be subject to the condition subsequent mentioned above--such liability would end
if TUSA ceased business as an underwriter of TPT policies. The evidence supporting this
assumption consists solely in the parol evidence described above--evidence the trial court properly
excluded in our view. Concerning point of error seven, we hold the law imposed no duty, in the
absence of a contractual duty, to "remain solvent" in order to maintain the agency relationship and
income stream necessary for TPT to pay the annual installments on the note.

 Accordingly, we overrule points of error four through seven. Finding no error,
we affirm the judgment below.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: March 8, 1995

Do Not Publish

1.   The first such instrument was a "letter agreement," dated September 15, 1988, signed
by the parties. The second instrument was the parties' "Contract of Agency," dated June 20,
1983, and signed by TPT and TUSA's predecessor.
2.   This is our paraphrase of TPT's points of error four through seven. The paraphrase
is necessary to avoid overruling out-of-hand those points of error because, in the form stated
by TPT, they misplace the burden of proof and misstate what TPT must demonstrate in this
Court to obtain a reversal of the judgment below. See William Powers, Jr. & Jack Ratliff,
Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515, 523-24 (1991).


As stated, TPT's points of error are as follows:


The trial court's conclusion of law [sic] that the doctrine of mutual mistake did not
excuse appellant from liability under the note was contrary to the overwhelming
weight and preponderance of the evidence and manifestly erroneous [sic].


The trial court's conclusion of law [sic] that the doctrines of failure of consideration
and partial failure of consideration did not excuse appellant from liability under the
note, letter agreement, and agency contract, was contrary to the overwhelming
weight and preponderance of the evidence and manifestly erroneous [sic].


The trial court's conclusion of law [sic] that the doctrine of impossibility did not
excuse appellant from liability under the note was contrary to the overwhelming
weight and preponderance of the evidence and manifestly erroneous [sic].


The trial court's conclusion of law [sic] that TUSA's failure to remain silent did not
excuse appellant from liability under the note was contrary to the overwhelming
weight and preponderance of the evidence and manifestly erroneous [sic].


As mentioned previously, the trial judge did not make formal findings of fact and conclusions of
law.